## Case No. 11,426.

### The PRINCE ALBERT.

[5 Ben. 386;[1] 15 Int. Rev. Rec. 35.]

District Court, S. D. New York. Nov., 1871.

DELIVERY OF CARGO—NOTICE TO CONSIGNEE.

1. A ship arrived at New York, having on board eleven cases of iron goods consigned to B., who, seeing in a newspaper that she had arrived, and knowing that she was to bring the goods, went to the office of the agents of the ship, and paid the freight on the goods. Two days afterwards he paid the duties on them, and a permit for their landing was obtained, and was received by the custom-house officers on board of the vessel. The eleven cases were discharged from the ship on the wharf. One of them went to the public store, and was ultimately received by B. The other ten remained on the wharf till the vessel left, and what became of them afterwards did not appear. B. filed a libel against the ship, to recover their value. The owner of the ship set up that the goods were duly delivered, and also set up that, when this suit was commenced, another action was pending in the supreme court of New York, between B. and the owner of the ship, for the same cause of action. *Held*, that whether the pendency of the suit in the state court would be a good plea in abatement or not, the objection should have been taken, if good, by a dilatory or declinatory exception, under rule 76 of this court; and that, moreover, that suit was not of the same nature as this, being a suit in personam, while this is in rem.

[Cited in Atlantic Mut. Ins. Co. v. Alexandre, 16 Fed. 281.]

2. The burden of proof was on the ship, to show that notice was given to B. of the place where the ship was to discharge, and, as she had failed to prove the giving of such notice, B. was entitled to recover.

[Cited in Unnevehr v. The Hindoo, 1 Fed. 629.]

In admiralty.

Roger A. Pryor, for libellant.
James K. Hill, for claimant.

BLATCHFORD, District Judge. The libel in this case is filed to recover the sum of $754, as the value, at the port of New York, on the 18th of June, 1866, of the contents of ten cases of iron goods, shipped at Hamburg, on the 30th of April, 1866, on board of the ship Prince Albert, under a bill of lading, which covered eleven cases of such goods, and contracted for their delivery to the libellant at the port of New York. The libel alleges, that the libellant paid the freight on the goods, and that, by the negligence of the master of the ship, after the goods were received by the ship, and before their delivery therefrom to the libellant, ten of the cases were wholly lost to the libellant.

The answer alleges, that, when the ship arrived at New York, due and reasonable notice of her arrival, and of the place of the discharge of her cargo, including the said eleven cases, was, in accordance with the usage and custom of the port of New York, given to the several consignees of cargo on board of the vessel, including the libellant; that, in pursuance of such notice, the eleven cases were landed and discharged on pier No. 43 East river, and delivered to the libellant, and accepted and received by him, and the freight thereon paid; and that the contract of affreightment evidenced by the bill of lading was performed. The answer also sets up, that, at the time this suit was commenced, an action was pending in the supreme court of New York, between the libellant, as plaintiff, and the owner of the ship, as defendant, for the same cause of action as that set forth in the libel herein.

It appears, from the evidence, that the libellant saw in a newspaper, that the ship had arrived at New York; that, knowing that she was to bring the goods in question, he went, on the 7th of June, 1866, to the office of the agents of the ship, and there paid the amount of freight specified in the bill of lading; that, on the 9th of June, he paid, at the custom house, the duties on the goods; and that a permit for the landing of the goods was obtained, and, in some way, but how is not shown, found its way to the officers of the customs on board of the vessel. The eleven cases were discharged from the ship on to the wharf at pier 43 East river. One of them was sent to the public store, to be examined and appraised. That one was ultimately received by the libellant. The other ten remained upon the wharf until the vessel left it. It is not shown what afterwards became of them.

The burden of proof is on the claimant, to show that he gave notice to the libellant of the place where the ship had got a berth and was to discharge the goods. He has undertaken to prove the giving of such notice, but the proof fails to establish the fact of the giving of such notice to the libellant, or to any one authorized to act for him in the premises.

But, even if such notice be regarded as not having been given, the claimant insists upon the pendency of the suit in the state court, as a bar to the action. To this objection it is a good answer to say, that it is a mere declinatory or dilatory objection, in the nature of a plea in abatement, and should have been taken by a dilatory or declinatory exception (rule 76); and that the two suits are not of the same nature, this one being a suit in rem, and the other one being a suit in personam. Certain Logs of Mahogany [Case No. 2,559]. But I must not be understood as assenting to the view, that the pendency of another suit between the same parties, for the same cause of action, in a state court, is a good plea in abatement of a suit in this court. Loring v. Marsh [Id. 8,514]; Wadleigh v. Veazie [Id. 17,031].

---

[2] (As to the time when, and the cases in which duties accrue, see Hale on the Customs, Harg. Law Tracts, 213, 214–224.)

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

There must be a decree for the libellant, with costs, with a reference to a commissioner to ascertain the damages sustained by the libellant by reason of the non-delivery of the ten cases in question.