## ATLANTIC MUT. INS. Co. *v.* ALEXANDRE and others.

*(District Court, S. D. New York.* April 9, 1883.)

1. ADMIRALTY—RULE 21.

     Rule 21 in admiralty does not authorize a personal judgment against the claimants in an action *in rem* except against such as have signed the stipulation given in lieu of the vessel seized.

2. ACTION IN REM—BAR—SUIT IN PERSONAM.

     An action *in rem* is not a bar to a subsequent suit *in personam* for the same claim, unless the defendants executed a stipulation for the amount of the claim.

3. SAME—COLLISION.

     Where the owners of a bark sunk in a collision sued *in rem* to recover the value of the bark, and also for the value of the cargo owned by others, and a stipulation was given and accepted in place of the vessel seized, signed by one only of the several owners and claimants, and the insurers of the cargo afterwards commenced an action *in personam* for the loss of the same cargo, against the same owners who were the claimants in the former suit, *held,* that the plea in the latter suit of the former action pending was not good, because in the former suit all the claimants could not be held personally responsible for the loss.

4. COLLISION—DAMAGES—HOW APPLIED.

     Both vessels being in fault, *held,* that the amount recoverable in the suit *in rem* for the loss of the vessel and freight should be first applied in payment of the libelants' share of the loss of the owners of the cargo, and applied upon the claim *in personam.*

5. SAME—JUDGMENT IN REM.

     For any excess over their own share of the loss of the cargo for which the respondents in the suit *in personam* would remain liable, *semble,* they would be entitled to judgment against the libelants in the suit *in rem.*

In Admiralty.

*Scudder & Carter* and *Geo. A. Black,* for libelants.

*A. O. Salter* and *R. D. Benedict,* for respondent.

BROWN, J. The libel *in personam* in this case was filed on March 15, 1880, against the owners of the steamer City of New York, for the loss of the cargo and pending freight upon the bark Helen, through a collision between the bark and the steamer on June 28, 1879, for which loss the libelant, as insurer, had paid the owners. Some eight months previous, on the third of July, 1879, the owners of the bark filed their libel against the steamer *in rem* to recover both for the loss of the bark as well as for the cargo and pending freight; and in that suit the owners of the steamer intervened as claimants and gave a stipulation for the agreed value of the steamer, in July, 1879, which was approved and accepted by the libelant. The respondents in the

present suit *in personam* are the same as the claimants in the previous suit *in rem.* The answer in the suit *in personam,* besides a defense on the merits, alleges as a separate defense in bar the pendency of the former suit *in rem,* averring that the former action "was commenced and prosecuted by the direction and authority of the libelants, and was commenced to recover, among other things, the claims which are sought to be recovered in this action, and that, so far as said claims are concerned, the said claim was commenced and prosecuted for the benefit of the libelants herein, and they were and are real parties thereto."

The two cases were heard together and upon the same evidence, in respect to the collision, and the facts above alleged in the plea in bar were admitted. The court has found that both vessels were in fault, and directed an apportionment of damages. *The City of New York,* 15 FED. REP. 624. In the suit *in rem* the libelants claim a loss of $52,000 for the vessel, cargo, and freight; and the answer alleged a damage of $18,000 to the steamer. In the present suit *in personam* $25,000 is claimed for the loss of the cargo and freight.

In the case of *The Nahor,* 9 FED. REP. 213, it was held by my learned predecesssor, under circumstances somewhat similar to the present, that the owners of the cargo could not bring a subsequent suit *in rem* against the same vessel after it had once been released on bail, securing the whole amount claimed; that the owners of the cargo were properly represented in the previous suit; and that if they desired to be made personally a party to the suit, instead of trusting its management to their agents, the master and owners of the vessel, they should petition to be made co-libelants with them in the prior action.

In the present case the owners of the cargo have not brought a second suit *in rem,* but a suit *in personam,* against the owners of the steamer, to recover a personal judgment against them; a remedy which could not be obtained in the former action, because, under rule 15 in admiralty, in cases of collision, the remedy *in personam* and *in rem* cannot be sought in the same action. *The Sabine,* 101 U. S. 384; *The Zodiac,* 5 FED. REP. 221.

A former suit is not a bar to a subsequent one where the subject-matter is not identical, or where the relief which may be given or the remedies available in the latter suit are more extensive than can be obtained in the former. 2 Daniell, Ch. Pr. *721; Story, Eq. Pl. § 737 *et seq.* In the former action *in rem,* the remedy is limited to the vessel, or to the stipulation as the substitute for it; in the present

action, the libelant, if it recovers, would be entitled to a personal judgment against all the defendants. The one is to enforce a particular lien only, the other a general personal demand. In the former, satisfaction might not be secured through the insufficiency of the *res*, or the failure of the stipulators; in the latter, all the defendants would be personally bound to make satisfaction. In respect to the remedies available, therefore, the two suits are substantially different, so that the one cannot be deemed technically a bar to the other. *Certain Logs of Mahogany*, 2 Sumn. 589; *The Prince Albert*, 5 Ben. 386; *The Tubal Cain*, 9 Fed. Rep. 834; *Clark* v. *Blair*, 14 Fed. Rep. 812. In like manner, in the former practice in chancery, it was well settled that a suit to foreclose a mortgage in equity and a suit upon the bond might proceed at the same time, and neither was a bar to the other. *Jones* v. *Conde*, 6 Johns. Ch. 77; *Dunkley* v. *Van Buren*, 3 Johns. Ch. 330.

In behalf of the respondent it is claimed that under the twenty-first rule in admiralty the libelants in the suit *in rem* might obtain a final decree, so as to levy and collect the amount adjudged due out of the goods and lands of all the "defendants," as well as from the "stipulators." The term "defendants" in the supreme court rules is used indifferently to represent the respondents in a suit *in personam*, or claimants who defend a suit *in rem*. In the present case the claimants in the former suit are identical with the respondents in the latter, and if all the claimants in the suit *in rem* had executed the stipulation for the whole amount of the demand, the remedies available in the former action would thenceforward seem to be co-extensive with any obtainable in an action *in personam*, and ought, therefore, to be held a bar to any subsequent action against the claimant for the same demand. But the stipulation in this case given for the value of the vessel in the former suit was signed by only one of the claimants, and as thus signed the stipulation was accepted and approved by the libelants. This stipulator may become irresponsible, and the other claimants would not be liable.

In the case of *The Zodiac*, above cited, (5 Fed. Rep. 220,) the precise question was presented, and the court held that neither by amendment nor in any other way could the libelants obtain a personal judgment or execution in the same action against the property of those claimants who had defended, but had not signed the stipulation; that the libelants' only remedy against those who had not signed it, in a case of collision in which the two remedies could not be joined,

was by a separate suit *in personam*. Although the attention of the court was not, in that case, drawn to the provision of rule 21, now cited, I am satisfied that it was not the intention of this rule in collision cases to afford a personal judgment against the claimants who have not executed the stipulation, and that the phrase "defendants or stipulators," in rule 21, refers to a judgment against one or the other according to the nature of the action, and not to a judgment against both conjointly. Betts, Adm. Pr. 99.

Except for the sake of recovering a personal judgment against all of the respondents, the present suit would seem to have been unnecessary; for the libelants in the suit *in rem*, as representatives of the innocent owners of the cargo, would be entitled to recover the whole damages of the latter from the vessel found in fault. In the case of *Leonard* v. *Whitwell*, 10 Ben. 638, 658, CHOATE, J., says:

> "The owners of the schooner have an undoubted right to sue on behalf of the owners of the cargo for its value. It would seem that, so suing, their rights as bailees must be as great as if the owners of the cargo joined as libelants. No final decree should, therefore, it seems, be made which will give the libelants a smaller amount as bailees than the owners of the cargo would be entitled to receive. * * * It seems to be unnecessary to make the owners of the cargo parties, if that could be now done. They are virtually before the court through the libelants."

Though the former suit is not a technical bar to the suit *in personam*, I must not be understood as sanctioning any additional attachment of property in such a subsequent suit, unless good reason for it be made to appear; nor should such attachment be allowed while the claim is fully secured by the bond or stipulation in the former action *in rem*; nor should costs be allowed.

Upon the ascertainment of the damages to the respective parties, it will be competent for the court, following, in principle, the case of *The Eleanora*, 17 Blatchf. 105, to direct that the amount recoverable by the libelants in the suit *in rem* for the loss of the vessel and freight be first applied and paid in satisfaction of their own share of the loss of the owners of the cargo, or their representatives, the insurers, who are the libelants in the present suit, and be credited upon the claim in this suit. The claims of the respective parties would indicate a possibility that the one-half of the loss of the cargo, for which the owners of the bark are answerable, may exceed the amount recoverable for the loss of the bark from the steamer. Should that prove to be the case, the libelants would be entitled to a judg-

ment in this suit against the respondents, *in personam*, for the differ-ence; and the latter, for their own indemnity, would be entitled to a decree against the libelants in the suit *in rem* for such excess. *The C. H. Foster,* 1 FED. REP. 733.

The proofs of damage to the respective parties will all be taken upon the reference already ordered in the suit *in rem,* in which the libelants here are virtual parties. Further proceedings in this suit should, therefore, be stayed until the report is made in the other suit; and at that time the parties can be heard further, if desired, in regard to the form of a decree necessary to secure the rights of all.