EDWIN F. KNOWLTON *vs.* NEW YORK AND NEW ENGLAND RAILROAD COMPANY.

Worcester.    October 1, 1888. — November 27, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Fire communicated from Locomotive Engine — Cause of Action — Damages — Former Judgment — Arbitrators.*

A judgment against a railroad company for damages, sought to be recovered in one count, to two detached lots of woodland by a fire, set by a locomotive engine on one lot and thence spreading across an intervening lot to the other, is a bar to a subsequent action for damages to the latter lot by the same fire, on the ground that arbitrators, upon whose award the former judgment was entered, did not include therein the damage to such lot.

TORT, on the Pub. Sts. c. 112, § 214, for damage to the woodland of the plaintiff's intestate by fire communicated by a locomotive engine of the defendant.

Trial in the Superior Court, before *Aldrich*, J., who, after a verdict for the defendant, allowed a bill of exceptions, the material part of which appears in the opinion.

*T. G. Kent*, (*G. T. Dewey* with him,) for the plaintiff.

*F. P. Goulding*, for the defendant.

C. ALLEN, J. At first sight of the bill of exceptions, the facts in this case appear to be rather involved, but those which

we have found to be material to the decision are simple. The original plaintiff, William Knowlton, was the owner of two lots of woodland, lying separate from each other, one of which was called the Taft and Chase lot, and the other the Southwick lot. On the 5th of May, 1881, a fire communicated from a locomotive engine of the defendant caught upon the Taft and Chase lot adjoining the railroad, and spread over the intervening space about half a mile to the Southwick lot, doing damage to both lots. For this damage, and also for another cause of action, now immaterial, Knowlton brought an action against the defendant on the 24th of October, 1882. The first count, after describing first the Southwick lot, and then the Taft and Chase lot, set forth that "the defendant's locomotive engine, in the defendant's use and operation, communicated fire to the plaintiff's said land, and burned over and destroyed the timber, wood, and other growth thereon, being to the extent of about thirty acres of the second described lot of land, and to the extent of about forty acres of the first described lot." The whole claim for damages to both lots was thus set forth in one count. There was evidence tending to show that there was also another fire which burned over the Southwick lot on September 2, 1883, and Knowlton brought a second action (which is the case now before us) in November, 1883, claiming damages for burning the Southwick lot, without alleging when the fire occurred. The first action was referred to arbitrators, who made an award in favor of the plaintiff, upon which judgment was afterwards entered, and the judgment was paid by the defendant.

At the trial of the present action, the plaintiff did not seek to recover damages arising from the fire of September 2, 1883, but sought only to recover for the damage done to the Southwick lot by the fire of May 5, 1881, and offered to show, by the testimony of the arbitrators, that in making their award they did not include any damages to that lot; and the plaintiff contended that therefore the judgment rendered in the first action did not include such damages. Assuming this to be true, without considering at all as to the competency of the evidence offered, and assuming also that the present action may fairly be deemed to have been commenced to recover damages to the Southwick lot from the first fire, (a point which is certainly doubtful,) it is

nevertheless plain that the action cannot be maintained; for the case falls fully within the principle of the decision in *Trask* v. *Hartford & New Haven Railroad*, 2 Allen, 331.

In that case, the plaintiff brought an action, and recovered judgment therein, against a railroad company for the loss of a shop by fire communicated by one of its locomotive engines. He afterwards brought another action, for the benefit of an insurance company, to recover for the loss of a dwelling-house and shed which took fire from the burning of the shop; but it was held that the first judgment was a bar. Mr. Justice Merrick, in delivering the opinion of the court, said : " The loss of the shop and of the dwelling-house and shed were distinct items or grounds of damage, but they were both the result of a single and indivisible act. The plaintiff therefore does not show any right to maintain another action to recover additional damages merely by showing that, in consequence of his omission to produce upon the trial all the evidence which was admissible in his behalf, he failed to obtain the full amount of compensation to which in that event he might have been entitled. . . . It would be unjust, as well as in violation of the fixed rule of law, to allow him to subject the defendants to the hazard and expenses of another suit to obtain an advantage which he lost either by his own carelessness and neglect, or by an intentional withholding of a part of his proof." The doctrine of this decision was reaffirmed in *Goodrich* v. *Yale*, 8 Allen, 454, 456, 458. See also *Folsom* v. *Clemence*, 119 Mass. 473.

The plaintiff seeks to distinguish the present case from that, on the ground that the damage to the Southwick lot constituted a separate cause of action. But the two cases are indistinguishable. It was held in *Perley* v. *Eastern Railroad*, 98 Mass. 414, that the burning of a piece of woodland, situated half a mile from the railroad track, by a fire which spread over intermediate land from grass near the track which was set on fire by a cinder from a locomotive engine, was a loss for which the railroad company was responsible, and that the fire was none the less communicated from the engine because the intermediate land belonged to other persons, nor because the distance was half a mile. The statute upon which the present action is founded is similar to the statute upon which that case rested.

Pub. Sts. c. 112, § 214.   St. 1874, c. 372, § 106.   Gen. Sts. c. 63, § 101.

The defendant's act causing the fire was single.   The burning over of the Southwick lot by the spreading of the fire gave no new cause of action, but only additional damages resulting from the original cause of action.   Otherwise, the plaintiff would have as many causes of action as the number of separate lots which he owned, and which were burned over by the same fire.   Moreover, the plaintiff's counsel in the first action properly treated the cause of action as single, by putting the claim for damages to both lots into one count.   No objection appears to have been raised to the declaration on the ground that two causes of action were included in one count; nor could such objection have prevailed.   There was no new act of the defendant after the fire began on the first lot.   The case is not like those of continuing injuries, as by a nuisance, where every continuance may be deemed a new injury.   *Warner* v. *Bacon*, 8 Gray, 397, 406, 407.

*Exceptions overruled.*