## THE NORMANDIE.

### O'SULLIVAN *v.* LA COMPAGNIE GENERALE TRANSATLANTIQUE.

### SAME *et al. v.* THE NORMANDIE.

*(District Court, S. D. New York. November 20, 1889*

1. ADMIRALTY—CONCURRENT ACTIONS IN REM AND IN PERSONAM.
    A suit *in rem* and a suit *in personam*, arising out of the same cause of action, may be brought concurrently in the same court.

2. SAME—APPLICATION FOR STAY OF PROCEEDINGS.
    When a suit *in rem* and a suit *in personam* are brought concurrently for the same cause of action, the question whether one shall be stayed until the remedy is exhausted in the other is wholly a question of practice, to be determined with reference to the convenient administration of justice.

3. DEPOSITIONS—DE BENE ESSE—FURTHER EXAMINATION.
    Where, on taking testimony *de bene esse*, the cross-examination of witnesses has been ended in ignorance of facts material to a further cross-examination, the court, upon proper affidavits, can make such order as may be just.

In Admiralty. Exceptions and motion to dismiss second libel.
*Coudert Bros.*, (*E. K. Jones*, of counsel,) for claimants.
*Carter & Ledyard*, for libelant.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

BROWN, J.  I cannot sustain the respondents' exception that the pendency of the former suit *in personam* constitutes a bar to the subsequent suit *in rem* for the same cause of action, though both suits are in this court, and undetermined; nor is that a sufficient ground for any stay of proceedings in either suit.  In the case of *Insurance Co.* v. *Alexandre*, 16 Fed. Rep. 279, the rule that obtains in this country, it is believed, was accurately stated, to the effect that a prior suit pending is not a bar where the relief that may be given, or the remedies available, in the two suits are different, though a stay may, in a proper case, be granted.  To the authorities cited in that case may be added *Watson* v. *Jones*, 13 Wall. 715; *Buck* v. *Colbath*, 3 Wall. 334; and the recent case of *Insurance* v. *Wager*, 35 Fed. Rep. 364.  Though Dr. LUSHINGTON once dismissed a subsequent suit, the later English cases sustain only a stay of proceedings.  *The Bold Buccleugh*, 7 Moore, P. C. 283; *The Mali Ivo*, L. R. 2 Adm. & Ecc. 356; *The Peshawur*, L. R. 8 Prob. Div. 32.  The fifteenth rule of the supreme court in admiralty, by implication, prohibits only the joinder of the ship and owners in the same suit.  These are independent suits.  No one has ever supposed that rule to forbid a suit *in personam* to recover what was not realized upon a prior judgment *in rem*, or *vice versa*.  In the recent case of *The Jessie Williamson*, 108 U. S. 305, 2 Sup. Ct. Rep. 669, a collision case, Mr. Justice BLATCHFORD, in reference to rule 15, says:

It "excludes the joining in one suit of the vessel and her owners; but it does not prevent the introduction into the libel of allegations as to the ownership of the vessel at the time of the collision, with a view to a proceeding to obtain such ultimate relief *in personam*, on the basis of a recovery *in rem*, as the libelant may be entitled to."

If successive suits, upon the same demand, may be maintained *in personam* and *in rem*, or *vice versa*, until satisfaction is obtained, it is wholly a question of practice whether the two may be brought concurrently, or whether the second suit shall not be allowed until the remedy in the first shall be exhausted.  That question must be determined with reference to the convenient administration of justice.  Rev. St. §§ 913, 918, rule 46; *The Hudson*, 15 Fed. Rep. 162, 175.  Where the actions are in different courts, and either remedy may be sufficient, it would be oppressive to proceed with two actions at the same time.  In admiralty suits, when both actions are in the same court, no prejudice can ordinarily result to the defendant from concurrent suits, since, in the usual course, both would be heard together, and the costs can be adjusted according to the circumstances, being in part imposed on the libelant, if that be equitable.  In suits for collision the exigencies of maritime affairs would make inexpedient and unjust any rule of practice that would prevent the filing of a libel *in rem* merely because there was pending a prior libel *in personam*, or *vice versa*, since either alone might be insufficient to insure satisfaction.  The libelant is often obliged to proceed against foreign owners, or foreign ships, at the moment that chance may bring them within the jurisdiction.  The

owners may be temporarily here, and the ship not here, and never expected to be here; or, if expected, not expected for a long time. The ship may be here, while the owners are not here, and have no other known property here. If service is not obtained when opportunity for service occurs, it may never be obtained; or, if obtainable afterwards, the lien *in rem* may in the mean time be lost by delay, through the sale of the *res*, or by subsequent claims. These considerations apply with special emphasis to maritime causes; and a practice that prohibited such concurrent suits would tend to defeat, rather than to promote, the administration of justice. As no harm or substantial prejudice or inconvenience can arise to the defendant by the allowance of such concurrent suits, which will, in the ordinary course, be tried together, I must overrule the exceptions and deny any stay of proceedings in either suit. The depositions already taken in the earlier action are an independent matter. Upon proper affidavits showing that a further cross-examination of the witnesses is necessary, and that the stipulation was given, and the cross-examination ended, by the respondents' counsel in ignorance of facts material to a necessary further cross-examination, the court can make such order as may be just.