(34 Misc. Rep. 182.)

## BARNARD v. DEVINE.

(Supreme Court, Appellate Term. February 25, 1901.)

1. REPLEVIN—SPLITTING CAUSE OF ACTION—JUDGMENT AND SATISFACTION OF ONE—BAR.

Defendant had in his custody horses and vehicles of a livery stable, which plaintiff claimed as owner under two chattel mortgages. On refusal of defendant to deliver possession, plaintiff brought three replevin suits, in each of which he claimed a part of the livery property. The first suit was tried, and judgment rendered for plaintiff, which was satisfied. Held, that the judgment in the first suit was a bar to the others, since defendant's refusal to deliver constituted a single wrong, for which plaintiff had a single cause of action, and satisfaction of the judgment extinguished the whole of plaintiff's claim.

2. SAME—MUNICIPAL COURT—JURISDICTION—PROPERTY—VALUE—DAMAGES.

New York City Charter, § 1364, subd. 7, confers jurisdiction on the municipal court, in an action to recover chattels, and damages for their detention, in case their value does not exceed $500. Held that, where a judgment was rendered for defendant in replevin, the value of which was

placed at less than $500, the fact that damages were awarded for $500 for their detention did not render the judgment void as exceeding the jurisdiction of the court, since there is no limitation to the amount of damages recoverable, but the jurisdiction is determined by the value of the property.

**8. SAME—DAMAGES—RECOVERY—RIGHT OF DEFENDANT.**

Code, § 1726, provides that, in case final judgment is rendered for defendant in an action for the recovery of chattels, he shall also be awarded damages for their detention; and Consol. Act, § 1343, makes section 1726 of the Code applicable to the municipal court. *Held,* that where plaintiff, in an action to recover chattels, was given possession of them, and stipulated that in case defendant was successful he should have damages at a certain rate, it was proper, on rendering judgment for defendant, to also award him damages for detention of the property.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Harris Barnard against Thomas F. Devine. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

Goldschmidt & Falk, for appellant.

Israel Ludlow, for respondent.

O'GORMAN, J. The defendant, a livery stable keeper, had in his custody, on livery and storage, certain horses, wagons, and like chattels, of the aggregate value of $1,500, the possession of which was demanded by the plaintiff, who claimed to be the owner thereof under two chattel mortgages. The property had been previously placed with the defendant by a second mortgagee, who took it under foreclosure of his mortgage. Upon the defendant's refusal to surrender possession of the chattels to the plaintiff, the latter forthwith began three replevin actions in the municipal court, claiming in each action a portion of the chattels alleged to be wrongfully detained by the defendant. Action No. 1 proceeded to trial on the merits, and resulted in a judgment for the plaintiff, which was duly satisfied. In actions Nos. 2 and 3 the defendant was permitted to amend his answer, without objection, by pleading action No. 1 and the judgment therein as a bar, and the parties thereupon stipulated "that the affidavits in the three actions are precisely the same; that the parties are identical, and that the evidence to support the three actions is the same; that the defense is the same, and the issues in the actions are precisely alike, except that the affidavits refer to different chattels of different values; that the property was taken by the defendant from the plaintiff at the same time and by the same demand." All the chattels were replevied by the plaintiff on April 25, 1900. Action No. 1 was tried on June 18, 1900. Actions Nos. 2 and 3 came to trial on October 5, 1900. It was further stipulated that, in the event of a recovery by the defendant, the value of the chattels in each case should be assessed at the amount fixed by the plaintiff in his affidavit, and that damages be allowed for the detention at the rate of one dollar per day for each horse, that being regarded as the reasonable value of the hire of the animal. The defendant was awarded judgment in each case. In

action No. 2 the value of the chattels was assessed at $485, and the damages fixed at $500; in action No. 3 the value was assessed at $480, and the damages at $500. From these judgments the plaintiff appeals.

It is a well-established doctrine that a single cause of action, whether founded upon a contract or a tort, cannot be severed or divided in order that separate actions may be instituted to recover different items of damage, and, where a tort is committed by the wrongful taking at one time of several chattels, it gives but one cause of action, and the plaintiff will not be permitted to split it, and bring separate suits for separate articles. Farrington v. Payne, 15 Johns. 432; Secor v. Sturgis, 16 N. Y. 548; Draper v. Stouvenel, 38 N. Y. 223; Reilly v. Paving Co., 31 App. Div. 302, 52 N. Y. Supp. 817; 1 Am. & Eng. Pl. & Prac. 159, 161. There was therefore no possible escape from the conclusion reached by the trial justice, that the judgment in the first action was a bar to the prosecution of the other suits. The prior action and the judgment therein exhausted plaintiff's remedies against this defendant, and the satisfaction of that judgment operated as a complete extinguishment of all claims growing out of the original transaction, and not specifically embraced in the first action. Plaintiff's cause of action arose on April 25, 1900, on which day he made a single demand upon the defendant for all of the chattels in question, and the defendant's refusal constituted a single wrong, affording the plaintiff a single cause of action. As said in Perry v. Dickerson, 85 N. Y. 347:

"It is sufficient to bring the second action within the estoppel of the former judgment that the cause of action in the former suit was the same, and that the damages or right claimed in the second suit were items or parts of the same single cause of action upon which the first was founded. The law, to prevent vexatious or oppressive litigation, forbids the splitting up of one single or entire cause of action into parts, and the bringing of separate actions for each. There can be but one recovery for an injury from a single wrong, however numerous the items of damage may be."

The plaintiff also assails the judgments upon the ground that they exceed the jurisdiction of the municipal court. While, in actions on ordinary money demands, $500 is the limit of recovery in that court, yet, under subdivision 7 of section 1364 of the charter, the only limitation upon the jurisdiction of the municipal court in relation to replevin suits is that the value of the chattel shall not exceed $500. The section provides that the municipal court has jurisdiction of "an action to recover one or more chattels, with or without damages for the taking, withholding or detention thereof, where the value of the chattel * * * does not exceed $500." It will be noted that in such an action no limitation is placed upon the amount of the damages. The recovery of the chattel is the main purpose of the action. The damages are but an incident to the right of possession, and, so far as the jurisdiction of the court is concerned, they are not circumscribed by any limitation as to amount. The statute makes the value of the property, and not the amount of damages, the determinative factor upon the question of jurisdiction.

With reference to plaintiff's contention that the defendant should, in no event, recover damages, and that his recovery should be confined

to the possession of the chattels or their value, it may be sufficient to observe that section 1726 of the Code, made applicable to the municipal court by section 1343, Consol. Act, provides that final judgment for a defendant should also award him his damages. . Moreover, the stipulation of the plaintiff not only recognized defendant's right to damages, if awarded possession of the chattels, but also expressly fixed the measure thereof. Under this stipulation, the trial justice might well have awarded damages in excess of $500 in each case. We have examined the other points presented, but find none tenable. On the trial but a single question of law was involved. It was properly decided, and necessarily led to an adjudication against the plaintiff.

Judgments affirmed, with costs. All concur.

