## SYMS v. AMERICAN AUTOMOBILE STORAGE CO.

(Supreme Court, Appellate Term. March 24, 1904.)

1. MUNICIPAL COURTS—REMOVAL OF CAUSE—APPLICATION—TIME.

Where an action was brought in a Municipal Court, and on the return day both parties appeared, and after a verified complaint was filed the justice adjourned the cause to a specified day on the joint consent of counsel, with leave to defendant to serve its answer on plaintiff's attorney before the date to which the hearing was adjourned, the effect of such proceedings was the same as though defendant had joined issue on the date he served his answer, and then applied for and was granted an adjournment to the date fixed for trial; so that he was not entitled on that date to the granting of an application to remove the cause to the City Court, under Municipal Court Act (Laws 1902, p. 1490, c. 580) § 3, authorizing such removal in certain cases on an application made before an adjournment granted on defendant's application.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Parker Syms against American Automobile Storage Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

C. Andrade, Jr., for appellant.
Nicoll, Anable & Lindsay, for respondent.

BLANCHARD, J. This action was brought to recover possession of an automobile, or its value, with damages for its detention. The appellant contends that the Municipal Court had no jurisdiction to try the action, because the amount of the damages claimed in the complaint is in excess of $500, although the value of the automobile is stated to be not more than $500. This objection was properly overruled in the Municipal Court, on the authority of Barnard v. Devine, 34 Misc. Rep. 182, 68 N. Y. Supp. 859.

The appellant further contends that the order of the Municipal Court denying the defendant's motion for the removal of the action to the City Court was improper, and that such motion should have been granted, under section 3 of the Municipal Court Act (Laws 1902, p. 1490, c. 580), which reads as follows:

"Where the damages claimed or the value of the chattel claimed or all the chattels claimed, as stated in the complaint, exceeds two hundred and fifty dollars, the defendant may, after issue is joined and before an adjournment has been granted upon his application, apply * * * for an order removing the action * * * to the City Court of the city of New York."

The facts in connection with this contention, as shown by the justice's return upon this appeal, are that on October 9, 1903—the return day mentioned in the summons—the parties appeared in court by their respective counsel; that a verified complaint was then and there filed; that then and there, upon joint consent of the counsel for the respective parties, the justice adjourned the cause until October 23, 1903; that issue was joined by the service upon plaintiff's attorneys of the verified answer on the 14th day of October, 1903; that on the adjourned day—

October 23, 1903—the defendant applied in open court for an order removing the action to the City Court of New York, and tendered and filed a proper undertaking for that purpose; that the application was denied, and that the action was further adjourned from time to time until the 15th day of January, 1903, when the case was tried. From these facts it follows that, while the defendant's application was made after issue joined, it was not made before an adjournment had been granted upon his application, for the application was joined in and agreed to by both parties on October 9th, and was not an application of the defendant any more than it was that of the plaintiff. It was their joint application for an adjournment to a particular day, and for a particular purpose, namely, that the court should set the case down for trial on the particular day it had selected, namely, October 23d, and that the defendant should have leave to join issue in the meantime by filing his answer before the day set for trial. This adjournment by agreement to October 23d with leave to the defendant to file his answer before that time was, in effect, the same as though the defendant had come into court on October 14th and then joined issue, and then joined with the plaintiff in an application to the justice for an adjournment to the 23d of October for trial. The defendant's action in respect to the adjournment to October 23d indicated his intention to submit to the jurisdiction of the Municipal Court for trial after he had joined issue and his desire to select that court as the proper forum for the trial of the action. The court had no power to grant the adjournment to October 23d, without the consent of the parties. The defendant's motion for removal of the action to the City Court was properly denied.

Upon an examination of the testimony taken upon the trial the evidence fails to disclose any error calling for reversal. The disputed facts were properly submitted to the jury, and they appear to have arrived at a proper verdict.

The judgment should be affirmed, with costs. All concur.