## THE TONAWANDA.

(District Court, S. D. Florida. February 3, 1922.)

**Admiralty ☞29—Suits in rem against vessel and in personam against owner may be joined.**

Under new admiralty rule 14 (268 Fed. xii), providing that "in all suits for pilotage or damage by collision the libelant may proceed in rem against the ship and/or in personam against the master and/or the owner," the ship and the owner may be joined as respondents in a single libel for collision.

In Admiralty. Suit by the Brooks-Davenport Corporation against the Tonawanda and J. B. McDonell, owner. On exception to libel. Overruled.

E. O. Locke, of Jacksonville, Fla., for libelant.

L. W. Strum, of Jacksonville, Fla., for defendants.

CLAYTON, District Judge. This cause comes up for a hearing on the exception that there is an improper joinder of defendants, in that it is sought to hold the vessel libeled for the collision and for judgment of condemnation, and also for damages against the owner in his own proper person. The objection is that the libelant cannot proceed both in rem and in personam in the one libel but that he should bring separate libels.

The libelant asserts that there should be but one libel in order to avoid multiplicity of suits, and that this contention is supported by the principles and practice governing admiralty cases. The question must be considered with reference to the new admiralty rule 14 (267 Fed. x), which became effective March 7, 1921, and is in this language:

"Pilotage—Collision—Remedies.

"In all suits for pilotage or damage by collision, the libelant may proceed in rem against the ship and/or in personam against the master and/or the owner."

Of course this rule is a combination of and supersedes the old rules 14 and 15 (29 Sup. Ct. xl), adopted January 7, 1884. Their language is:

14. "In all suits for pilotage the libelant may proceed against the ship and master, or against the ship, or against the owner alone or the master alone in personam."

15. "In all suits for damage by collision, the libelant may proceed against the ship and master, or against the ship alone, or against the master or the owner alone in personam."

I do not think that under the old rules above quoted there could be a joinder of a cause in rem with a cause in personam. Nor do I think that there is any settled authority that action ex delicto may be joined

with those ex contractu in the same libel. But Parsons on Maritime Law, vol. 2, § 6, p. 672, seems to hold that such can be done and the author proceeds to say:

The "reason given for it is that no regard is paid to the names and forms of actions * * * the evidence may be of the same nature in both cases and this great expense and delay is saved."

See Borden v. Hiern, Fed. Cas. No. 1,655, Blatchf. & H. 293–297. The same authority seems to hold that action for freight brought in rem and in personam was sustained in The Zenobia, Fed. Cas. No. 18,-208, Abb. Adm. 48, and on page 692 the author says:

"If the suit be both in rem and in personam one process combining the two appropriate processes may issue and the marshal execute his process in the two, if separate, or each process may issue simultaneously;" that is, against the vessel and the person, "or as each, is wanted."

But whatever may have been held under the old rules cannot be controlling now. Admittedly this new rule 14 was made under the act of Congress and it has the force and effect of law—it is the law—under which the question here presented by the exceptions must be determined. This new rule plainly declares that suits for pilotage or damage by collision may be in rem against the ship and/or in personam against the master and/or the owner. To take any other view of the question would destroy any possible office of the conjunction "and" used in the rule.

I do not think that what is said in Benedict's Adm. (4th Ed.) § 294, and in section 319, in regard to joinder proceeding in rem and in personam, in regard to misjoinder, can have any bearing on this case, for I think the question here must be considered with reference to new rule 14 only. It appears to be not controvertible that this rule was intended to be in derogation of the old rules. I think it means that the different actions may be joined—the one against the vessel itself and the other against the owner.

The connection of the words "may proceed in rem against the ship" by use of the conjunctive "and" and before the words "the owner," leaves no room for doubting that the intention was to permit such joinder as the one here objected to. If it be said that process runs against the vessel different from the process against the owner, the answer is that all such details, if not now fully provided for, can be taken care of by the appropriate moulding of the decree.

It appears to me that the sum of $1,500 is a sufficient amount for the bond for the release and restitution of the vessel to the owner, as the vessel the Tonawanda is probably not worth more than that sum, and therefore such bond is fixed in that amount, to be conditioned and executed as required by law and the rules governing in such cases.

It is ordered that 10 days, excluding this day, are allowed for the filing of the answer. Therefore I hold that the action here, combining a claim for damages against the accused colliding vessel with a personal action against the owner, must be sustained.

The exceptions are overruled.