The decision of the Board of Tax Appeals is reversed.

## THE B. & B. NO. 10.

### NEW YORK SCOW CORPORATION v. OLSEN et al.

No. 330.

Circuit Court of Appeals, Second Circuit.

July 7, 1941.

Christopher E. Heckman, of New York City (Foley & Martin, of New York City, on the brief), for libelant-appellant.

Earle Farwell, of New York City (Barry, Wainwright, Thacher & Symmers and John C. Crawley, all of New York City, on the brief), for respondents-appellees.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

In the libel herein, libelant, as owner of the barge "B. & B. No. 10," claimed collision damages against the two respondents, each alleged to be a resident of the district and within the court's jurisdiction, as owners of the tug "Dorothy." After describing the circumstances of the collision in the New York State Barge Canal on August 20, 1936, and making its claim for the cost of repairs and other expenses in approximately the sum of $500, libelant goes on to allege that heretofore and on or about July 23, 1937, it had filed a libel in the court below as owner of the barges "B. & B. No. 5" and "B. & B. No. 7" against the tug "Dorothy" to recover damages sustained by these barges as a result of the same collision, that the respondents herein filed a claim of ownership of the tug "Dorothy" in said action, that the said action duly proceeded to trial on the merits and resulted in a decision in which the "Dorothy" was held solely at fault for the collision, that thereafter an interlocutory decree and subsequently a final decree were duly entered, and that "by reason thereof the matter now at issue has become res judicata as between the libelant and the respondents herein." Upon exceptions to this libel the court found for the respondents, on the ground that libelant was attempting to "split its cause of action," but expressly gave libelant permission to amend. Libelant did not avail itself of the privilege given and, judgment of dismissal being entered, appeals herein.

The sole question herein is the effect of the previous judgment, which libelant relies on as conclusively showing fault against the respondents, but not as barring further recovery. Its claim on the latter issue is that, since the former action was in rem against the vessel, the present action in personam against the owners is not barred. It is quite clear that, if this were an ordinary action for damage, since the parties are in substance the same and the loss arises out of the one accident, the matter would be considered single and only one recovery would be allowed. Brannenburg v. Indianapolis, Pittsburgh & Cleveland R.

R. Co., 13 Ind. 103, 74 Am.Dec. 250; Barnard v. Devine, 34 Misc. 182, 68 N.Y.S. 859; Farrington v. Payne, 15 Johns., N.Y., 431; Knowlton v. New York & N. E. R. Co., 147 Mass. 606, 18 N.E. 580, 1 L.R.A. 625; Clark, Code Pleading, 318-324, 329-332. The substantial issue here is whether or not the peculiar jurisdiction of admiralty changes this well settled rule·of repose and allows unnecessary and duplicating legal proceedings.

Since appellant introduced the issue here in its libel, it was necessary for it to go on to make such answer as it had to the issue it had raised. Hughes v. Roosevelt, 2 Cir., 107 F.2d 901; The Sydfold, 2 Cir., 86 F.2d 611. Under the allegations herein, and in view of libelant's failure to avail itself of the privilege of amending, we may take it as concluded that libelant did obtain the complete remedy and satisfaction it sought in the earlier action. And under present admiralty procedure it could have amended that libel and pursued any other remedies it thought it might have under the circumstances, including, if it so desired, the bringing in of respondents in personam in the action in rem. Admiralty Rules 14, 23, 56, 28 U.S.C.A. following section 723; Fyfe v. Pan-Atlantic S. S. Corp., 2 Cir., 114 F.2d 72, 75, certiorari denied 311 U.S. 711, 61 S.Ct. 319, 85 L.Ed. ——. True, before the change in the rules in 1920, and under former Rule 15, proceedings in rem and in personam could not have been had in the same action at the same time, The Corsair, 145 U.S. 335, 341, 12 S.Ct. 949, 36 L.Ed. 727; but when libelant here first sued, every remedy was then available to it in its original action. See The Tonawanda, D.C.S.D.Fla., 278 F. 391. Rules against splitting causes of action apply in admiralty just as in other proceedings. Mercantile Bank v. Flower Lighterage Co., 2 Cir., 10 F.2d 705, certiorari denied 271 U.S. 688, 46 S.Ct. 639, 70 L.Ed. 1152; The Haytian Republic, 154 U.S. 118, 14 S.Ct. 992, 38 L.Ed. 930; Smith v. Lykes Brothers-Ripley S. S. Co., 5 Cir., 105 F.2d 604, 605, certiorari denied 308 U.S. 604, 60 S.Ct. 141, 84 L.Ed. 505. As Judge Hough says in the Mercantile Bank case, supra, 10 F.2d at page 707, with reference to successive claims for cargo loss or damage, the demand "was single and indivisible, and the course here pursued is in our opinion a plain infringement of the rule against splitting claims. * * * Libelant seems to think that, because it did not for un-known reasons produce all its demand, when it sued for and obtained part of it, it can now multiply suits and costs in the way here exemplified. For this there is no authority whatever."

Appellant relies on certain of the older cases which suggest that a libel in personam will lie concurrently with a libel in rem or subsequent thereto if complete satisfaction of the earlier claim has not been had. The Normandie, D.C.S.D.N.Y., 40 F. 590; Atlantic Mut. Ins. Co. v. Alexandre, D.C.S.D. N.Y., 16 F. 279; Providence Washington Ins. Co. v. Wager, D.C.N.D.N.Y., 35 F. 364; The Samnanger, D.C.S.D.Ga., 298 F. 620. How far these cases may still be applicable in view of the change in the admiralty rules we need not consider, for they permitted only a further remedy to enforce an as yet unsatisfied claim, not the expanding to new limits of a claim already satisfied. See The Brothers Apap, D.C. E.D.N.Y., 34 F. 352; The Cerro Gordo, D.C.Conn., 54 F. 391; The Steam-Ship Zodiac, D.C.S.D.N.Y., 5 F. 220.

Affirmed.