PROVIDENCE WASHINGTON INS. CO. *v.* WAGER *et al.*

(*District Court, N. D. New York.* February 28, 1888.)

ADMIRALTY—PROCEEDINGS IN REM AND IN PERSONAM.
    An action in admiralty *in rem* is not a bar to an action *in personam*, growing out of the same facts, and the respondent in the action *in personam* is not entitled to a stay of the proceedings pending an appeal in the action *in rem*.

In Admiralty. Libel *in personam*.
*Edward D. McCarthy*, for libelants.
*Hyland & Zabriskie*, for respondent Wager.
*Clinton & Clark*, for respondents Morse.

COXE, J. This is a motion, in an action *in personam*, by the respondent Charles E. Wager, for a stay pending an appeal to the supreme court, taken in an action *in rem*, growing out of the same facts. *The Sidney*, (Dist. Ct.,) 23 Fed. Rep. 88; *The Sidney*, (Cir. Ct.,) 27 Fed. Rep. 119. It is entirely clear that the suit *in rem* is not a bar to the present action. In view of the authorities it is, at least, doubtful whether the respondent is right in his theory that the libelants can, in the action *in rem*, by motion and amendment, obtain a decree *in personam*. But even if this can be done, it in nowise prevents them from proceeding in a separate action if they elect so to do. The weight of authority seems to sustain the proposition that the remedy against the vessel and the remedy against the owner cannot, in circumstances like the present, be united or enforced in the same action; certainly no case has been cited, or found by the court, which disputes the right of a libelant to pursue them separately. *The Jessie Williamson, Jr.*, 108 U. S. 305, 2 Sup. Ct. Rep. 669; *The Sabine*, 101 U. S. 384; *The Zodiac*, 5 Fed. Rep. 220; *Insurance Co.* v. *Alexandre*, 16 Fed. Rep. 279, and cases cited; *Hale* v. *Insurance Co.*, 2 Story, 176; *Newell* v. *Norton*, 3 Wall. 257; Admiralty Rule 15.

The libelants, if they have a cause of action, are entitled to enforce it. It would be most unjust to require them to await, without security, the result in the supreme court. The motion is denied.