(77 App. Div. 326.)

MERRITT & CHAPMAN DERRICK & WRECKING CO. v. TICE et al.

(Supreme Court, Appellate Division, First Department. December 12, 1902.)

1. STATE COURTS—JURISDICTION—WORK AND LABOR—WRECKS.
    A complaint which sets out that, "at the special instance and request" of the defendants, plaintiff performed certain wrecking service on a barge owned by them, which services were reasonably worth a certain sum, sets forth a contract which can be enforced in personam in a state court, though, in the absence of the contract, the claim might be one of salvage.

Appeal from trial term, New York county.

Action by the Merritt & Chapman Derrick & Wrecking Company against Walter J. Tice and others. From an order granting the plaintiff a new trial after the dismissal of its complaint, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

John Emerson Carpenter, for appellants.
Avery F. Cushman, for respondent.

HATCH, J.   The complaint avers that the plaintiff is a corporation, and that the defendants were partners and owners of the barge E. W. Stetson—

"That, at the special instance and request of the defendants, between the 3d day of December, 1898, and the 6th day of January, 1899, both dates inclusive, the plaintiff performed certain wrecking services and work and labor, and furnished materials to the defendants, in and about the rescue and floating of the said barge E. W. Stetson, which was ashore off the north shore of Long Island, near Jamesport, New York, and bringing the same to the port of New York, putting her upon a dry dock, and delivering her to the defendants; that said wrecking services, work, labor, and materials furnished were of the fair and reasonable value of $4,249.48, no part of which has been paid, although duly demanded."

Judgment was asked for the recovery of said sum. Before any proof was taken upon the trial, the defendants moved to dismiss the complaint upon two grounds:

"First, that the court has no jurisdiction of the subject of the action; and, second:  that the complaint does not state facts sufficient to constitute a cause of action."

It was the contention of the defendants that the complaint merely set forth that the plaintiff had acted in and about what it did in rescuing the barge as a salvor, and that the federal court alone had jurisdiction of the subject-matter.   The court so held and ruled in dismissing the complaint.   Subsequently a motion was made for a new trial, and upon such hearing the court reached the conclusion that the state court had jurisdiction of the subject of the action, and

therefore set aside the order and granted a new trial. This appeal is taken from such order.

It is conceded by both parties hereto that, if the contract averred in the complaint is a marine contract for salvage, the state courts have no jurisdiction. Such, undoubtedly, is the rule. It does not follow,. however, that a valid contract may not be made for compensation for work, labor, and services, even though the subject-matter of the action might furnish the basis of a claim for salvage. The two matters are quite distinct. Where the contract is made to perform work, labor, and services, either for a sum agreed upon, or for a reasonable compensation for the services performed, such contract is good, and may be enforced in personam. If there were no contract, a claim only for salvage might arise. The disposition, however, of such question, rests upon different principles, and facts which would support one would wholly fail in support of the other. Thus in a case of salvage the right of the person making the rescue to compensation is dependent solely upon the fact that the property is saved. This is a condition precedent to his right to receive any award. The amount of the award rests in the discretion of the court. In the case of a contract to perform work, labor, and services in connection with the rescue of a vessel subject to marine perils, the right of recovery for such services depends upon their rendition pursuant to the contract, and the party entitled to recover for such services is not deprived of such right even though the subject-matter be wholly lost. This distinction is recognized in the cases. The Independence, 2 Curt. 350, Fed. Cas. No. 7,014; Bondies v. Sherwood, 22 How. 214, 16 L. Ed. 238. A claim for salvage and a claim for work, labor, and services are inconsistent. In The Independence, supra, Curtiss, J., said:

"When, therefore, the subject-matter of a contract is a mere attempt to save property, and when the owner or his representative, or both, become personally bound by the contract to pay either an agreed sum or a quantum meruit for the labor and services rendered, without regard to its results, the parties do not contemplate nor engage in a salvage service, but quite a different service. I know of no reason which forbids parties competent to contract from fairly contracting concerning such subject-matter; nor do I perceive how a court of admiralty can, after the property has been saved, set aside such a contract, and declare that a salvage service was performed."

Upon the averments of the complaint in the present case, the plaintiff will be authorized to prove a contract for work, labor, and services, and, if established, recover therefor the fair value thereof, even though it might have become entitled to salvage for the services rendered in the absence of a contract. It is clear, however, that in order to maintain the action it must prove the existence of a contract for the rendition of the service. Under the pleadings, the plaintiff could not recover upon the theory that it was entitled to salvage, and its right of recovery is strictly in personam, and rests upon contract.

It follows, therefore, that the order granting plaintiff's motion for a new trial should be affirmed, with costs to the respondent to abide the event. All concur.