MERRITT & CHAPMAN DERRICK & WRECKING CO. v. TICE et al.

(Supreme Court, Appellate Division, First Department.   October 21, 1904.)

1. SALVAGE—SPECIFIC CONTRACT.
   To substitute for a salvage claim a different relation between the owner of the vessel rescued from the perils of the sea and the person accomplishing that result, there must be a contract for compensation, whether the vessel is saved or not, which is sufficiently shown by proving that the parties intended that the salvor was to be paid in any event.

2. SAME—SPECIFIC CONTRACT—EVIDENCE—ADMISSIBILITY.
   In an action for services in rescuing a vessel from the perils of the sea, based on the existence of a contract for compensation whether the vessel was saved or not, evidence that after the bill had been rendered for the services defendant wanted to know the least plaintiff was willing to take was inadmissible to prove the contract, it being at most an attempt to secure a settlement of some claim.

3. SAME.
   In an action to recover for services in rescuing a vessel from the perils of the sea, based on the existence of a contract for compensation, evidence as to the insurance of the vessel was inadmissible.

Appeal from Trial Term, New York County.

Action by the Merritt & Chapman Derrick & Wrecking Company against Walter J. Tice and others.   From a judgment for plaintiff and from an order denying a motion for a new trial, defendants appeal. Reversed.

See 79 N. Y. Supp. 120.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

James K. Symmers, for appellants.

Avery F. Cushman, for respondent.

PATTERSON, J.   There are in this record two errors in rulings upon evidence so substantial and grave in their character as to require a reversal of the judgment from which this appeal is taken, and a new trial of the issues.   The case was before us on a prior appeal.   Merritt & Chapman Wrecking Co. v. Tice, 77 App. Div. 326, 79 N. Y. Supp. 120.   The plaintiff sued to recover compensation for services rendered in connection with removing a barge belonging to the defendants from the shore on Long Island, on which it had been stranded during a storm.   Under the allegations of the complaint the action was for work, labor, and services.   In their answer the defendants admitted that the plaintiffs had rendered labor and services in and about the rescue of and in floating the barge, but also set up as a separate de-

fense that the services rendered were in their nature salvage services; and upon that defense was founded a contention that the Admiralty Courts of the United States had exclusive jurisdiction of the plaintiff's claim. It was held by us on the former appeal that, if the plaintiff had only a claim for salvage service, this court was without jurisdiction; but that under the allegations of the complaint there was sufficient to allow the plaintiff to show that it had entered into a contract with the defendants of such a character as would displace a claim for salvage, and in that view we reversed a judgment dismissing the complaint. On the trial which resulted in the judgment from which this appeal is taken the plaintiff undertook to prove a contract which would entitle it to sue in a state court, or, in other words, a contract entirely irrespective of· and differing from the obligation arising out of purely salvage service. It is abundantly established that, in order to displace a salvage claim and substitute therefor a different contractual relation between the owners of vessels rescued from perils of the sea and the persons by whose exertions that result is accomplished, there must be proof of a contract specific and distinct in its terms, which provides for compensation in any event, whether the imperiled property is saved or not. The Independence, 2 Curt. 350, 355, Fed. Cas. No. 7,014; Steamboat Co. v. Chase, 16 Wall. 522, 524, 21 L. Ed. 369; The Susan, 1 Sprague, 499, Fed. Cas. No. 13,630; Chapman v. Engines, etc. (D. C.) 38 Fed. 671, 672; The Louisa Jane, 2 Low. 295, Fed. Cas. No. 8,532. Upon the trial now under review the judge expressly charged the jury that such was the law, and they necessarily must have found that the plaintiff and the defendants entered into a contract by which the plaintiff was to be paid for its services in any event; and we think the evidence might justify. that finding, if it were all properly· admitted. It was not necessary that the parties should stipulate in totidem verbis that the plaintiff was to be paid in any event, but if the term of the contract was that the plaintiff was to be paid in any event, and it appeared that such was the intention of the parties, that would be sufficient; and here there was testimony given by one of the plaintiff's witnesses that the plaintiff undertook the work of attempting to rescue the stranded barge upon condition that payment should be by the day, in consideration of the doubtfulness of success in removing the vessel. But the testimony given by the plaintiff's witness on that subject was flatly contradicted, and it was on the vital issue in the case. The plaintiff sought to support its version by evidence of a conversation had between one of the officers of the plaintiff and one of the defendants respecting the plaintiff's claim. The witness was allowed to testify that one of the Messrs. Tice came to the plaintiff's office with a bill which had been rendered, and Mr. Tice wanted to know the least the plaintiff was willing to take.· This evidence was offered, and was allowed under objection and exception, as the court said, "as an admission against the defendants' interest," and it was evidently regarded as an admission of a specific contract, such as the plaintiff insisted had been made between the parties. In the attitude in which the defendants stood to the case, it could not be regarded as a declaration against interest respecting the particular contract asserted to have been made by the plaintiff. The defendants admitted they were liable upon a salvage

claim, and a conversation with reference to the plaintiff's demand may have related as much to the settlement of the salvage claim as to the settlement of a demand upon a particular contract. Unless it related exclusively to the particular contract, it was entirely immaterial, and there is no circumstance to show that the conversation could in any way be construed as an admission that the defendants were liable upon such a contract as the plaintiff sought to prove. It was at most an attempt of the defendants to secure a settlement of some claim made against them, and what was said is not evidence on the one issue involved here of a specific contract having been made, if it is evidence at all.

Again, the plaintiff was allowed, under objection and exception, to inquire of the defendants what insurance they carried upon the stranded barge. That was a matter entirely immaterial to the question of a contract having been made between the parties. The only purpose for which this could have been offered was to make it appear to the jury that there was a claim against an insurance company out of which the defendants could reimburse themselves for anything they might have been compelled to pay to the plaintiff. Inquiries of that character are not permitted. They naturally tend to prejudice the minds of the jury. Cosselmon v. Dunfee, 172 N. Y. 507, 65 N. E. 494.

For the errors pointed out, the judgment must be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.