(118 App. Div. 123)

MERRITT & CHAPMAN DERRICK & WRECKING CO. v. TICE et al.

(Supreme Court, Appellate Division, First Department. March 15, 1907.)

1. SALVAGE—WHAT CONSTITUTES—CONTRACTS FOR SERVICES.
   In an action for services in the rescue and floating of a barge and putting her on a dry dock and delivering her to the defendants, evidence *held* to sustain a finding that the contract was for services on the basis of day's pay, and not a salvage contract.

2. SAME—ADMISSIBILITY OF EVIDENCE.
   In an action for services in the rescue and floating of a barge under a contract on the basis of day's pay, where evidence that the barge was insured was admitted without objection, and it was shown that the plaintiff's bill for the services rendered was retained by defendants for a considerable time without objection, it was proper to admit evidence that they afterwards submitted it to the underwriters.

   Scott, J., dissenting.

Appeal from Trial Term, New York County.

Action by the Merritt & Chapman Derrick & Wrecking Company against Walter J. Tice and others. From a judgment in favor of plaintiff, and from orders denying motions for new trial and granting an extra allowance, defendants appeal. Affirmed.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

James K. Symmers, for appellants.
Avery F. Cushman, for respondent.

PATTERSON, P. J. This is the third time this cause has been before us on appeal (77 App. Div. 326, 79 N. Y. Supp. 120; 97 App. Div. 457, 89 N. Y. Supp. 1057), and it is unnecessary to state in detail the facts appearing upon the record. The plaintiff is a corporation, and the defendants were partners, who in December, 1898, owned a barge named the "R. W. Stetson," which was stranded on the Long Island shore. It is alleged in the complaint that, at the special instance and request of the defendants, the plaintiff performed certain wrecking service work and labor, and furnished materials to the defendants in and about the rescue and floating of the said barge and bringing the same to the Port of New York, putting her upon the dry dock, and delivering her to the defendants. In their answer, the defendants admitted that the plaintiff rendered certain service of the character referred to in the complaint, but they set up as an affirmative defense that, in the prosecution of the work, the plaintiff was acting purely as a salvor, and that neither the defendants nor any one of them entered into a contract or agreement or understanding with the plaintiff that

it was to receive, or that the defendants were to pay, any sum whatever for the services, except such as the plaintiff might be entitled to as salvage compensation proportionate to the value of such property as might be saved by its efforts. On the first trial, before proof was taken, the defendants moved to dismiss the complaint on several grounds; one being that the court had no jurisdiction of the subject of the action. That motion was granted, but subsequently, on a motion for a new trial, the trial court reached a different conclusion, and held that the state court had jurisdiction, and granted a new trial. On an appeal from the order entered upon that decision, this court held that the courts of the state would have no jurisdiction of an action brought to recover upon a marine contract for salvage, but that the Supreme Court of the state would have jurisdiction of an action brought against the owner of the barge to recover upon an ordinary contract the value of work, labor, and service. The order granting a new trial was affirmed, and, a second trial being had, a verdict was rendered for the plaintiff, and, on an appeal from that judgment, we held that, in order to displace a salvage claim and substitute therefor a different contractual relation, between the owners of vessels rescued from perils of the sea and the persons through whose exertions that result is accomplished, there must be proof of a contract specific and distinct in its terms which provides for compensation in any event, whether the imperiled property is saved or not. The judgment then appealed from was reversed for errors in the admission of evidence. It was held, as on the first appeal, that the complaint in this action was sufficient to allow the plaintiff to show that it had entered into a contract with the defendants of such a character as would displace a claim for salvage. On the trial from which the present appeal is taken, the plaintiff produced evidence tending to show—and which did show, and the jury believed it—that the contract entered into between the parties was not one for salvage service, but for the payment of compensation to the plaintiff for such service as it might render in and about the rescue of the stranded barge, irrespective of what the result of such service might be.

There was, upon this branch of the case, before the court and jury the issue of fact as to what the contract entered into between the parties was. It was shown by the plaintiff that the compensation to be paid for its service was made upon the basis of day's pay; that that contract was made because there was too much uncertainty as to getting the vessel afloat, and it was not practical to give a lump sum figure for such a piece of work; and that the plaintiff would send to do it upon the day's pay basis, and make every endeavor to float and deliver the vessel. And it appears in evidence that one of the defendants said to go ahead and do the best that could be done. It was testified to that "day's pay" means the reasonable charge for the use of men and wrecking material in the prosecution of the work, and one of the defendants testified that he expected the plaintiff to get its pay; that he expected to pay it the reasonable value of the service rendered; and that nothing was said by the defendants at the time of the employ-

ment about the compensation "being taken out of the barge." There was a clear issue of fact before the jury as to what the contract was, and, they having found in favor of the plaintiff on that issue, there is no reason for disturbing the verdict. It cannot be said to be against evidence.

With this finding of the jury (the law of the case having been settled by our previous decisions), the only subject for consideration remaining is that of alleged errors of the trial court concerning evidence. There is one error suggested which it is insisted is fatal to the plaintiff's right to recover. On the second trial, it appeared in the record that the plaintiff was allowed, over the objection and exception of the defendants, to show that the defendants had insurance upon the barge to the amount of $10,000, and that ruling of the trial court was deemed a radical error necessitating a reversal of the judgment. On the trial now under review, the question of insurance was again made the subject of inquiry, and, if the record presented it in the same form or in the same objectionable manner as upon the second trial, we should conceive it our duty to reverse again; but it is not presented in the same way, nor can the ruling of the court upon it be condemned in the same manner. Proof, without objection, came into the case that the defendants had insurance upon the barge. On cross-examination of a witness for the defendant, it appeared that the plaintiff had rendered a bill to the defendants for general services in and about the work of rescuing the barge, and that that bill was retained for a long time by the defendants without their ever suggesting that there was only a salvage contract between the parties. The witness was asked, in substance, what he did with the bill, and whether he did not present it to the underwriters. The purpose of that line of inquiry was to show that the defendants had received a bill for a specific amount, instead of for an uncertain claim arising from salvage; that they acquiesced in it, kept it for a long time without objection, and afterwards adopted it as a reasonable charge, by submitting it to the underwriters as an amount for which they were liable in the matter of the rescue of the barge. This cannot be regarded only as an attempt to put matter before the jury which would incline them to believe that the defendants were fully indemnified for their expense, and that therefore a prejudice was created in their minds. It was legitimate as tending to show the attitude which the defendants themselves took with respect to the contract, and a recognition of the fact that they had incurred an indebtedness for general services rendered by the plaintiff. The vice of the ruling of the justice on the second trial was in admitting, over objection, any evidence as to there being insurance, and the amount of it. In the present case, the evidence of the insurance was in without objection, and the conduct of the defendants with respect to the bill rendered, and what was done with it, was indicative of the understanding the defendants had concerning the nature of the employment of the plaintiff. The plaintiff was not allowed to give proof of the entire claim made to the underwriters, nor whether the underwriters paid or not, and the evidence,

as far as admitted, was competent as affecting the credibility of the defendants, who testified that they never had any expectation of being obliged to pay the plaintiff, except as for salvage services.

There is nothing more in the case requiring consideration.

The judgment and orders appealed from should be affirmed, with costs. All concur, except SCOTT, J., who dissents.