LEWIS H. REYNOLDS, Appellant, *v.* BROWNING, WELLS & Co., INC., Respondent.

Fourth Department, November 9, 1928.

*Thomas C. Burke*, for the appellant.

*Prentice & Townsend* [*George P. Keating* of counsel], for the respondent.

HUBBS, P. J. The Buffalo Dry Dock Company, the plaintiff's assignor, was engaged, at the time in question, at Buffalo, N. Y., in the wrecking business. In November, 1925, the barge *Mulqueen* and another barge, during a storm on Lake Erie, were driven ashore near Dunkirk, N. Y. The defendant entered into an agreement with the plaintiff's assignor, the Buffalo Dry Dock Company, by which it was agreed that the plaintiff's assignor should send its boat called *Service*, with a wrecking crew and pumps, to perform salvaging work in connection with the floating of the two barges. It was agreed that the price to be paid for the use of the boat *Service* was to be $25 per hour, with certain charges for extras. In accordance with the express agreement made between the parties the plaintiff's assignor rendered services in connection with the

barges to the amount of $1,530.45. There is no dispute as to the amount of the claim. Thereafter the plaintiff's assignor filed a libel against the boat *Mulqueen* in the United States District Court for the amount of the claim. After the filing of the libel in the United States District Court the claim against the defendant was duly assigned to the plaintiff herein, who commenced this action in the Supreme Court, Erie county, against the defendant herein to recover the same amount upon the express contract made between the defendant and the plaintiff's assignor. The answer alleges that the plaintiff's assignor performed said services as a salvaging operation for the benefit of whom it might concern without any express agreement on the part of the defendant to pay therefor. It also alleged that prior to the commencement of the action the plaintiff's assignor began a suit in admiralty and thereby elected its remedy, and that the plaintiff is thereby barred from maintaining this action.

The contract being one for services and the price being agreed upon, the State court has jurisdiction of the action although it would not have jurisdiction if the action were one to recover salvage without any express contract in relation thereto. (*Merritt & Chapman Derrick & W. Co.* v. *Tice*, 77 App. Div. 326; 97 id. 457; 118 id. 123.)

At the close of the plaintiff's case both parties moved for a directed verdict. The learned trial justice, with the consent of both parties, reserved decision, and later directed a verdict in favor of the defendant upon the ground that the plaintiff's assignor had elected its remedy and estopped itself and its assignee from proceeding against the defendant upon the express contract. In this we think the learned trial justice was in error. Although there was an express contract for services the salvagor also had, under the maritime law, a lien upon the boat salvaged for the services rendered. It might proceed to enforce that lien in the United States District Court, but in such action it would be limited to a recovery of the amount agreed upon for the services rendered, or it might maintain an action in the State court upon the contract for services. (*The Roanoke*, 50 Fed. 574; *Elphicke* v. *White Line Towing Co.*, 106 id. 945; 35 Cyc. 729.)

In the pending action in the United States District Court the remedy is limited to the boat. In the present action the plaintiff, if he is successful, will be granted a personal judgment against the defendant.

" The one is to enforce a particular lien only, the other a general personal demand." (*Atlantic Mutual Insurance Co.* v. *Alexandre*, 16 Fed. 279.)

The act of the plaintiff's assignor in commencing a suit in the United States District Court to enforce its lien was not inconsistent with the commencement of an action in the State court to recover on the personal contract with the defendant. Both remedies were available to it. If it had carried the action in the United States court to a final determination and the recovery on its lien in that court had been insufficient to pay in full the contract price, there would be no doubt about its right to recover the deficiency from the defendant in an action upon the contract. It was decided in the case of *Providence Washington Insurance Co.* v. *Wager* (35 Fed. 364) that an action *in rem* to establish a lien on a boat is not a bar to an action *in personam* to recover upon the same facts. That case was cited with approval in *Wolf* v. *Cook* (40 Fed. 432, 437) and in *The Normandie* (Id. 590). In the case of *Mott* v. *Lansing* (57 N. Y. 112, 115) it was said: "While the lien exists, the claimant may attempt to collect his debt from the debtor, and if he fails, may still enforce his lien. An attempt to enforce one remedy does not destroy the other." (See, also, *The Brothers Apap*, 34 Fed. 352; *The Cerro Gordo*, 54 id. 391; *Turner* v. *United States*, 27 F. [2d] 134; *Wemple* v. *Hauenstein*, 19 App. Div. 552; *Matter of Rothschild*, 160 id. 530; 20 C. J. 6, § 7.)

The filing of the libel in the United States District Court by the plaintiff's assignor did not have the effect of depriving it or its assignee, the plaintiff in this action, of the right to maintain this action on the contract in the State court.

The judgment should be reversed upon the law and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event.