THE PERTH AMBOY DRY DOCK CO., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPOND-ENT, v. EMPIRE PETROLEUM COMPANY, A CORPORA-TION OF NEW JERSEY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 10, 1960—Decided May 20, 1960.

Before Judges GAULKIN, SULLIVAN and FOLEY.

*Mr. Jerome C. Eisenberg* argued the cause for the defendant-appellant (*Messrs. Clapp & Eisenberg,* attorneys; *Mr. Jack B. Kirsten,* on the brief).

*Mr. Elias A. Kanter* argued the cause for the plaintiff-respondent (*Messrs. Wilentz, Goldman, Spitzer & Sills,* attorneys).

PER CURIAM. Plaintiff sued defendant upon a $6,600 check. After trial without a jury, the Law Division entered judgment in favor of plaintiff for the amount of the check. Defendant appeals.

All of the "questions involved" set down by appellant are argued under two main heads, the first being that the "decision below is contrary to the weight of the evidence," and the second that "the U. S. District Court had acquired exclusive jurisdiction over the subject matter prior to the institution of this action."

As to the first ground, the law is clear that "we should not disturb the court's finding of fact unless we are well satisfied that the finding is a mistaken one," as was said in *Capone v. Norton,* 11 *N. J. Super.* 189, 193 (*App. Div.* 1951), affirmed 8 *N. J.* 54 (1951), cited by defendant. We are not "well satisfied" that the trial judge erred in finding that defendant owed plaintiff the amount of the check. The issue was one of fact, and its resolution depended largely upon the judge's evaluation of the credibility of the witnesses. Thus viewed, we find the evidence amply supports the conclusion which he reached.

The second ground of appeal is based upon the fact that the $6,600 was allegedly due to plaintiff for repairing defendant's ship, and that prior to the institution of this action plaintiff had libelled the vessel in admiralty in the U. S. District Court where defendant had appeared and posted a bond to release the vessel, for more than enough to pay the $6,600; and that the federal action is still pending and undetermined. Defendant contends that this gave the federal court exclusive jurisdiction. Defendant admits that the state court would have jurisdiction over the action on the check if the admiralty suit had not been filed, but contends that once it was filed, the state court no longer had power to exercise that jurisdiction.

The suit in the federal court was in admiralty, *in rem*, for the unpaid balance of the value or price of the work done; and the fact that plaintiff and defendant are both New Jersey corporations was no bar to the exercise of federal admiralty jurisdiction. The action in the Law Division is *in personam*, on the check, for a general judgment, and unless the pendency of the libel action makes a difference, the federal court has no jurisdiction over this action. Defendant cites no authority to show that the federal admiralty court has such jurisdiction because the libel action is there pending. The law appears to be to the contrary. *Providence Washington Insurance Co. v. Wager*, 35 *F.* 364 (*D. C. N. D. N. Y.* 1888); see also *The Kearney*, 14 *F. 2d* 949 (3 *Cir.* 1926); *Eagle, Star & British Dominions v. Tadlock*, 14 *F. Supp.* 933 (*D. C. S. D. Cal.* 1936); cf. *Kline v. Burke Construction Co.*, 260 *U. S.* 226, 43 *S. Ct.* 79, 67 *L. Ed.* 226 (1922); *Putnam v. Lower*, 236 *F. 2d* 561 (9 *Cir.* 1956).

The very statute which gives the federal courts exclusive jurisdiction in admiralty saves "to suitors * * * all other remedies to which they are otherwise entitled * * *." 28 *U. S. C.* § 1333. We hold that this common-law action on the check is such a remedy, saved to plaintiff, and that the state court has jurisdiction in spite of the pending admiralty proceedings. *Reynolds v. Browning, Wells & Co.*,

*224 App. Div.* 442, 231 *N. Y. S.* 362 (*App. Div.* 1928), affirmed 250 *N. Y.* 625, 166 *N. E.* 349 (*Ct. App.* 1929); *Wolf v. Cook,* 40 *F.* 432 (*C. C. E. D. Wis.* 1889); *Providence Washington Insurance Co. v. Wager, supra; People ex rel. Granger v. Judge of Wayne Circuit Court,* 27 *Mich.* 406, 15 *Am. Rep.* 195 (*Sup. Ct.* 1873).

▮▮ The question of lack of jurisdiction is raised for the first time in this appeal, but we have considered the point because it goes to jurisdiction. Defendant did move the trial court to stay the prosecution of this action until the conclusion of the admiralty suit. It was not error to deny that motion. *Cf. Gosschalk v. Gosschalk,* 48 *N. J. Super.* 566 (*App. Div.* 1958), affirmed o. b. 28 *N. J.* 73 (1958).

Affirmed.