## THE BOSTON.*

### (Circuit Court, W. D. Pennsylvania. 1881.)

1. PERSONAL JUDGMENTS — PROCEEDINGS IN REM — VENDORS AND VENDEES — LIENS.

A verdict and judgment against the owners of a vessel in a suit to charge them personally with the penalties incurred, under section 4465 of the Revised Statutes, for carrying a greater number of passengers than was stated in the certificate of inspection, is not conclusive against their vendees in a subsequent suit *in rem* in admiralty to enforce against the vessel the lien of the penalties, under section 4469.

2. SAME — PARTIES AND PRIVIES.

The title to the vessel not being involved in the former suit, nor any question of lien, *held*, that the new owners were not privies to the suit against their vendors, and they might show in the suit *in rem* that the number of passengers illegally carried was less than the jury found in the first suit.

In Admiralty. *Sur* libel, answer, and proofs.

ACHESON, D. J. In overruling the motion to dismiss the libel, the court disposed of all the questions in this case save one, viz.: Are the present owners of the Boston concluded by the verdict and judgment in the former suit brought by this libellant against the then owners of the vessel personally to charge them with the penalties incurred, under section 4465 of the Revised Statutes, for carrying a greater number of passengers than was stated in the certificate of inspection? The libellant contends that the defendants are so concluded, although they did not become purchasers of the boat until after the penalties were incurred. But the libellant did not stand upon the record of the former action, but went into original evidence to show the violation of the statute. From this evidence it now very clearly appears that the number of passengers unlawfully carried was 130 only, and not 170, as the jury found in the former trial. By the libellant's own proofs, therefore, it is plain that the verdict was excessive to the extent of $404. Nevertheless, he claims a decree upon the basis of erroneous verdict and the judgment entered thereon. Must such injustice receive judicial sanction? Shall the libellant have a decree against his own proofs?

Upon what principle are the defendants concluded by the former suit? It was not a proceeding *in rem* against the vessel, but a *personal action* against the then defendants for penalties personally incurred by them. To that suit it is certain the present defendants were not parties. Were they privies, so as to be bound by the result? I am of opinion that they were not. They were not personally liable

* *Vide* 3 FED. REP. 807.

for the penalties sued for. It is true, between the former owners of the Boston and these defendants (who are their vendees) there is priority of title. But the title to the vessel was not involved in the former suit; nor did that suit involve any question of lien. Neither did the judgment therein obtained become a lien on the Boston. At the date of that judgment the title to the vessel was in the present defendants; and this suit is not to enforce that judgment. It is an original suit *in rem* in admiralty to enforce the lien created by section 4469 of the Revised Statutes, which makes said penalties a lien upon the vessels. And now for the first time the present owners have an opportunity to be heard in answer to the claim. Very strange would it be, therefore, were they shut off from all defence by a proceeding to which they were not parties.

After judgment against the mortgagor in a suit to which the terre-tenant was not a party, the latter, in an ejectment brought against him by the sheriff's vendee, can prove that the debt was paid. *Mather* v. *Clark*, 1 Watts, 491. And the same principle was held in *Com.* v. *Duncan*, 8 Pa. St. 93, which was a *scire facias* upon a recognizance. At best this is a hard case upon these defendants. But to compel them to pay $404 in excess of the penalties which the vessel actually incurred would be shocking injustice which no court would tolerate unless constrained by some unbending rule of law. Happily no sound principle is violated by deciding the cause upon its merits as now disclosed by the proofs.

Let a decree be drawn in favor of the libellants for $1,313, with costs.