## The Brothers Apap.[1]

### Zaccaro v. The Brothers Apap.

(*District Court, E. D. New York.* February 17, 1888.)

MARITIME LIENS—ENFORCEMENT—UNSATISFIED JUDGMENT IN STATE COURT.
    A judgment recovered in a state court against a master for the value of supplies furnished a vessel, and which remains unsatisfied, is no bar to the enforcement in admiralty of the lien upon the vessel for such supplies.

In Admiralty.

*John A. Anderson,* for libelant.

*Ullo, Ruebsamen & Hubbe,* for claimants.

BENEDICT, J. This is an action *in rem* to enforce against a foreign vessel a lien for certain supplies furnished to the vessel in the port of New York. The furnishing of the supplies is proved, and there is no sufficient proof to warrant the finding that they were furnished on a personal credit alone. The only question in the case arises out of the fact that prior to instituting this proceeding the libelant brought suit against the master of the vessel in a state court for these same supplies, in which action he recovered a judgment against the master, but of which judgment he has been unable to obtain any satisfaction. The contention on the part of the claimant is that the libelant lost his lien upon the ship by suing the master as he did. I cannot agree with the claimant in this contention. Upon principle, it seems to me that in cases where a lien upon the ship arises, and also a personal liability on the part of the master and the owner as well, the creditor must be allowed to pursue each of these remedies in succession, until he obtains satisfaction of his debt. That he should be able to do this seems to me to be the reason why these several remedies are given by law. Surely the value of the rule will be largely diminished if it be held that a futile attempt to enforce the master's personal liability deprives the creditor of the benefit of the ship's liability. The case of *The Bengal,* 1 Swab. 468, and *The John and Mary,* Id. 471, are directly in point, and adverse to the contention of the claimant. Judge STORY has somewhere remarked to the same effect, but I cannot now find the case. No adjudged case in this country has been called to my attention, except the case of *The Swallow,* 1 Bond, 189, which seems hard ly in point. There the creditor had elected to enforce a lien given by the state law.

Let the libelant have a decree for the amount of the bill, with interest and costs.

[1]Reported by Edward G. Benedict, Esq., of the New York bar.