## THE EASTERN SHORE.

District Court, D. Maryland. January 11, 1928.

No. 1557.

1. Judgment ⬳828(3)—Recovery of judgment at law against owner for supplies furnished is no bar to suit to enforce lien in admiralty.

Recovery of judgment at law against owner of vessel for supplies furnished is not a bar to a subsequent suit in rem against the vessel in admiralty to enforce a lien for the same debt.

2. Maritime liens ⬳40—Joinder of furnisher of supplies in petition for receivership does not waive lien.

Joinder of furnisher of supplies in receivership proceedings against the owner of the vessel held not waiver of lien.

In Admiralty. Suit by M. J. Birmingham, trading as the Twin City Supply Company, against the steamer Eastern Shore. On intervening libel of the Eastern Fuel Company. Decree for intervening libelant.

George Forbes, of Baltimore, Md., for libelant.

Hall Hammond, of Baltimore, Md., for intervening libelant.

George T. Mister, of Baltimore, Md., for claimant.

WILLIAM C. COLEMAN, District Judge. The question here presented is whether a judgment recovered in a state court against the owner of a vessel for the value of coal supplied to her, and which remains unsatisfied, is a bar to the assertion of an action in rem against the vessel for satisfaction of the same claim.

It appears that the steamer Eastern Shore was libeled on June 2, 1927, by one who had furnished her certain repairs, supplies, and other necessaries. Thereafter a receiver was appointed by the state court for the Baltimore & Eastern Shore Ferry Line, Incorporated, owner of the steamer Eastern Shore, and several months later the Eastern Fuel Company filed an intervening libel against the vessel. The answer of the receiver as claimant of the vessel avers, first, that the coal was not furnished directly to the vessel; second, that this libelant has recovered, in an action at law in the state court, a judgment against the vessel's owner for the amount of the claim; and, third, that having filed its petition in the receivership proceedings in the state court, and having asked for the appointment of a coreceiver, it has thereby waived any maritime lien which it might otherwise have had against the vessel. The first of these points was in effect abandoned at the trial, and therefore need not be considered.

[1] Respecting the second point, namely, whether the recovery of a judgment in an action at law bars the assertion of a maritime lien for the same claim in admiralty, the court is of the opinion that it does not. It is well settled that the mere bringing of a suit is no bar. The Kalorama, 10 Wall. 204, 19 L. Ed. 941; The Grand Republic (D. C.) 138 F. 615. It is true that the opinion of

the Supreme Court in The Kalorama contains a dictum intimating that, had a judgment been obtained, the situation might have been different. Speaking through Mr. Justice Clifford, the court said, at page 218:

"Suggestion is also made that the lien was waived by the commencement of an action for the advances in the State court, but the record shows that the action is still pending, and it is well-settled law that the pendency of such an action is no bar to a suit in a Federal court. Had the judgment been rendered it might be different, but it is clear that the rule 'transit in rem judicatam' cannot apply during the pendency of the action."

However, this may properly be treated as mere dictum, because not a part of the ratio decidendi of the case. The maritime lien here claimed is a proprietary interest or right in the vessel itself, and entirely distinct from the cause of action or demand for personal judgment against its owner. The St. Jago de Cuba, 9 Wheat. 409, 6 L. Ed. 122. This being true, there would appear to be no reason for laying down a different rule, where suit has merely been filed, from that where judgment has been obtained. In the case of The Brothers Apap (D. C.) 34 F. 352, Judge Benedict, on a state of facts apparently almost identical with those in the present case, decided that the judgment did not bar a suit in admiralty. There he said, at page 352:

"The only question in the case arises out of the fact that prior to instituting this proceeding the libelant brought suit against the master of the vessel in a state court for these same supplies, in which action he recovered a judgment against the master, but of which judgment he has been unable to obtain any satisfaction. The contention on the part of the claimant is that the libelant lost his lien upon the ship by suing the master as he did. I cannot agree with the claimant in this contention. *Upon principle, it seems to me that in cases where a lien upon the ship arises, and also a personal liability on the part of the master and the owner as well, the creditor must be allowed to pursue each of these remedies in succession, until he obtains satisfaction of his debt. That he should be able to do this seems to me to be the reason why these several remedies are given by law. Surely the value of the rule will be largely diminished if it be held that a futile attempt to enforce the master's personal liability deprives the creditor of the benefit of the ship's liability.*" (Italics inserted.)

So far as appears from the published reports, this decision has never been questioned.

Whatever may be said in the early cases regarding the question as to whether the libelant relied upon the vessel or upon the personal credit of the master or owner of the vessel, is rendered largely obsolete by the fact that under the Maritime Lien Act of 1910 (Comp. St. §§ 7783–7787) libelant here is presumed to have relied upon the vessel. There is no evidence in the case to rebut this presumption. To the same effect as the decision in The Brothers Apap are Rogers v. The Reliance, 20 Fed. Cas. No. 12019, 1125, and The Cerro Gordo (D. C.) 54 F. 391.

A decree in rem does not of itself defeat a contractual right to seek a remedy in personam for the same claim. Everett v. United States (D. C.) 277 F. 256. There would appear to be no sound reason why the converse of this proposition is not equally true. Nor does the court believe that there is any real basis for the argument that, whereas, because of the peculiar preferred position in which seamen's wage claims are held in admiralty, a judgment for them may very properly be held not to destroy a seaman's maritime lien, as was decided in Rogers v. The Reliance and The Cerro Gordo, supra, but that this should be treated as an exception, and not permitted to apply to claims for materials or supplies furnished to the vessel.

[2] Coming to the third and last point raised by the respondents, namely, that the conduct of libelant in filing its petition in the receivership proceedings, and being otherwise active in connection therewith, amounts to a waiver of its maritime lien, the court finds no force in this argument—certainly none, in the absence of some real expression, either written or verbal, on the part of libelant, tending to show that it was its intention to forego any rights which it might have in admiralty. In The Pacific, 1927 A. M. C. 590, one of the two cases on which respondent primarily relies, there is evidence of a waiver which does not appear in the present case. There the court held that a maritime lien for wharfage against a barge was waived by suing out a writ of attachment and securing judgment against the owner, but the libelant, in suing out his writ, had made an affidavit to which the court refers as follows, and which was obviously a controlling factor in the decision:

"The question is whether, issuing out a writ of attachment, alleging in an affidavit in support thereof that the claim was not secured by lien, mortgage or pledge, operates as a waiver as far as this suit is concerned, and in my judgment it does."

Similarly, in The Yankton (D. C.) 7 F. (2d) 384, 1925 A. M. C. 1275, the other case stressed by respondent, we find that the libelant had accepted a demand note and mortgage upon the vessel as security therefor. The court, not unmindful of the general rule in admiralty that the acceptance of a note by a lien claimant does not operate to extinguish the lien, nevertheless found, upon the particular facts of that case, an intention to rely on the new and substituted security rather than upon the original lien. So this case, also, is not in point, because there is no evidence of such intention shown in the present situation.

A decree will therefore be entered for the amount of libelant's claim.