## THE SAGITTARIUS.
### No. 416.

District Court, D. Massachusetts.
Jan. 28, 1932.

Robert A. Terry, of New Bedford, Mass., for libelant.

Jasper N. Johnson, of Medford, Mass., and Raymond L. Cummings, of Peabody, Mass., for libelees.

C. J. Halligan, Jr., of Boston, Mass., and Arthur Goldys, and Ernest Laycock, both of New Bedford, Mass., for intervening petitioners.

BREWSTER, District Judge.

This is a proceeding in rem to enforce a maritime lien upon the schooner Sagittarius for labor and materials furnished said vessel.

### Statement of Facts.

The Sagittarius was purchased by the claimants Jesse F. Silva and James Duarte in August, 1928, the bill of sale being recorded November 8, 1928, Silva acquiring three-fourths interest and Duarte one-fourth interest. On November 8, 1928, there was recorded a mortgage from Jesse F. Silva to his brother, Joseph Francis Silva, for $2,030, who furnished this claimant with funds with which to purchase his three-fourths interest in the vessel. Prior to the purchase the boat had been taken over by an insurance company which had arranged with the libelant to overhaul the engine, and at the time of the purchase the engine was not in the boat. There was evidence that at the time of the purchase the claimants and the libelant had some talk about the condition of the engine, and I have no doubt the libelant made representations at that time which may have, to some extent, influenced the claimants in purchasing the vessel; but since the claimants did not buy the vessel or the engine of the libelant, I do not see how the doctrine of warranty has any application to the issue raised in this admiralty proceeding.

After the claimants had decided to purchase the vessel, they requested the libelant to install the engine and put it in good working order. This they did between September 24, 1928, and October 8, 1928, for which a proper charge of $417.73 was made, upon which amount the claimants paid $50, leaving a balance of $367.73 due libelant for this labor and material.

In November, 1928, the libelant did other work on the vessel and furnished other material for which he made a charge of $316.75, which was paid by the claimants. In January, 1929, valves and guides were furnished, and between March 11 and March 29 new cylinders, piston rings, and wrist pins, and other small parts were furnished by the libelant in overhauling the engine. The total charges for this work, excluding interest and telephone charges, amounted to $654.15. The total amount due, therefore, for labor and materials furnished by the libelant in installing and repairing the engine is $1,053.98, for which he would be entitled to a lien unless he has lost his rights in view of the following facts established by the evidence:

On March 13, 1929, the libelant took a note for $625 secured by a mortgage on Duarte's one-fourth interest in the boat. The libelant then knew of the mortgage on Silva's three-fourths interest to his brother. About the same time the claimants gave a note for $867.73, which was discounted at a local bank. This note was renewed from time to time, and in 1930, the claimants having failed to sign a renewal note, an action at law was commenced and a common-law attachment made upon the vessel. The attachment was released upon the promise of Silva to give a mortgage securing the note upon certain real estate owned by him,

situated in Provincetown. A mortgage was prepared and signed by Silva and taken by him to Provincetown in order to get the signature of his wife. This mortgage was never delivered to the claimants. The note, above referred to, was finally paid by the libelant. The vessel, since the work was done, has been frequently within this territorial jurisdiction, and if the libelant had intended to assert his maritime lien he had abundant opportunity so to do.

### Conclusions of Law.

The decisive question in this case is whether the libelant, by accepting the two notes and the mortgage, waived his lien. This court has followed the state court in recognizing a rebuttable presumption that a note and mortgage extinguishes the indebtedness. The Yankton (D. C.) 7 F.(2d) 384. In this case the facts are not sufficient to rebut this presumption. In my opinion, the whole course of conduct of the libelant, from the time he took the note and mortgage down to the bringing of these proceedings, leads irresistibly to the conclusion that he had ceased to rely on the vessel but was looking wholly to the personal obligation of the owners.

Libel to be dismissed.