**BAUN v. HUDSON.**

No. 6489–A.

District Court, Alaska
First Division, Juneau.

Dec. 8, 1952.

William L. Paul, Jr., Juneau, Alaska, for libelant.

Ziegler, King & Ziegler, Ketchikan, Alaska, for respondent.

FOLTA, District Judge.

Libelant, a seaman, seeks maintenance for the period of disability resulting from the aggravation of an old back injury while employed on respondent's fishing vessel. Although the injury is apparently permanent, maintenance may be allowed only for such period of time after the voyage ended as an improvement in his condition may reasonably be expected from nursing, care and medical treatment, Calmar S.S. Corp. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993, and recovery is sought in this case only to the end of the period of convalescence following libelant's discharge from the hospital. Luksich v. Misetich, 9 Cir., 140 F.2d 812, certiorari denied 322 U.S. 761, 64 S.Ct. 1280, 88 L.Ed. 1589. The total claim is for the period from September 16, 1949 to July 1, 1950.

The evidence shows that libelant had suffered a back injury prior to his employment by the respondent, but did not reveal this to respondent at the time he commenced work. It further appears, however, that an ordinarily prudent person would not have viewed the old injury as an indication that he was unfit for employment, and for about two months libelant was able to perform his duties as an able-bodied seaman until he strained his back while engaged in pulling in the cork line of a seine, which was a part of his duties while employed on the ship, Lindquist v. Dilkes, 3 Cir., 127 F. 2d 21.

The injury was not the result of respondent's negligence.

Libelant was forced to stop work on September 16, 1949, because it was no longer physically possible for him to continue. He went ashore, and respondent furnished him with a sick certificate on September 24, 1949. He received heat treatments from a Marine Hospital as an out-patient for a two week period. The relief afforded by these treatments proved to be only temporary, and the pain in his back soon returned, although he was able to do light work during this time. After diagnosis, libelant was taken into the hospital for a fusion operation on January 17, 1950, and remained there until March 10, 1950. The operation was followed by a period of out-patient care, and his hospital record shows him fit for duty on July 25, 1950. No claim is made for any period after July 1, 1950, nor is any claim made for the cost of care over any of the time and it does not appear that libelant incurred any liabilities for this item.

█ Respondent's first contention is that the real injury had occurred before libelant entered his employment, but as found above, libelant worked on the boat for two months before suffering the injury which prevented him from completing the voyage.

█ The second point of dispute concerns the period for which libelant is entitled to maintenance. Libelant claims a total of 287 days, but the evidence shows that at one time during this period he spent a week as an in-patient at the hospital for a hernia operation which was in no way connected with the subject of this suit. Nor can maintenance be allowed for the time when the fusion operation was being performed for he was also an in-patient at that time. It further appears that at various other intervals libelant sold insurance and operated a cafe. Taking this into consideration, the Court finds that maintenance for only 134 days from September 16, 1949 to October 8, 1949 and from March 10, 1950 to July 1, 1950, may be allowed.

[4-6] The third contention arises over the proper rate for maintenance per day for the Seattle area during 1949-50. Libel-

ant claims $6, and no evidence of the actual outlay was introduced. Recovery must be measured by the reasonable cost of maintenance during the period of disability, and is comparable to that to which the seaman is entitled while at sea. Calmar S.S. Corp. v. Taylor, supra. Different areas have different rates, but because of increased living costs, old rates are not conclusive. Lewis v. American-Hawaiian S.S. Co., D.C., 49 F.Supp. 127. The claim of $6 per day for the Seattle area in 1949-50 is not unreasonable. Ladjimi v. Pacific Far East Line, D.C., 97 F.Supp. 174.

A recovery of $804 is allowed, plus costs.