Albert E. BROWN

v.

PAN OCEANICA SHIPPING CORP.,
PANAMA
and
Milmar Shipping Co.
Civ. No. 11866.

United States District Court
D. Maryland.
April 6, 1960.

Harvey Goldstein and Goldstein & Sterenfeld, New York City, and John J. O'Connor, Jr., Baltimore, Md., for plain- tiff.

Randall C. Coleman, Jr., and Ober, Williams, Grimes & Stinson, Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

Albert E. Brown, a longshoreman residing in Baltimore, Maryland, alleges that he was injured while working aboard the S.S. Minotaur on February 8, 1959, in Baltimore harbor.

On September 11, 1959, through a New York attorney, he filed a civil action for damages in the Southern District of New York against Pan Oceanica Shipping Corporation, Panama, and Milmar Shipping Co., alleging that both corporations owned and operated the S. S. Minotaur and that his injuries were caused by the unseaworthiness of the vessel and the negligence of the defendants.

On September 17, 1959, through the same New York attorney-proctor and a Baltimore proctor, he filed a suit in admiralty in the District of Maryland in rem against the S.S. Minotaur and in personam against Pan Oceanica as her owner and operator.

The S.S. Minotaur was seized by the Marshal of this Court. Proctors for claimant (Pan Oceanica) and for libelant appeared before Judge Watkins, who fixed at $100,000 the amount of the stipulation to release the vessel. See 28 U.S. C.A. § 2464. National Surety Corporation filed a stipulation for value in that amount "for the claimant of the steamship Minotaur unto the libelant to abide by and fulfill the final order and decree of [this] Court insofar as it imposes liability in rem upon the Steamship Minotaur", with appropriate provisions for possible appeals.

Proctors for claimant have taken the deposition of libelant in the admiralty suit, have filed and argued exceptions to the original libel, which were sustained, and have answered the amended libel which was filed on October 24, 1959.

On December 28, 1959, on motion of defendants, pursuant to 28 U.S.C.A. § 1404(a), the Southern District of New York transferred the civil action to the District of Maryland.

Defendants Pan Oceanica and Milmar have now moved this court to dismiss the civil action, contending that "as two actions are presently pending for the identical injury and as the first action filed in this Honorable Court was the admiralty action in which pleadings have been filed, hearings held and the libelant's deposition taken, the defendants pray that the Civil Action be dismissed with costs".

■ For the purpose of determining priority in time, however, so far as that may be important, this court must consider the date of the filing in New York as the date of the institution of the civil action. Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789; Jiffy Lubricator Co., Inc. v. Stewart-Warner Corp., 4 Cir., 177 F.2d 360.

Brown may elect to proceed to judgment in the civil action or in the suit in admiralty. If he proceeds in the civil action he will be entitled to a jury trial; if he proceeds in admiralty, he must try his case before a judge, in accordance with the traditional admiralty practice, but he will have the advantage of the stipulation which has been filed to release the vessel. That stipulation provides security for any "liability in rem" imposed on the S.S. Minotaur. It does not provide security for any liability in personam imposed on its owner or operator.

■ A libelant who files a libel in rem against a vessel, whether based on a contract or a tort, is not entitled to have the vessel held as security for a judgment he may recover at some time in the future in a civil action. Seizure of a vessel at the time of the institution of the suit and without requiring the libelant to post a bond or other security is a distinctive admiralty procedure, not permitted in civil actions in the federal courts or in the courts of the State of Maryland. It is often a severe burden on the owner of the vessel, particularly if he cannot obtain a bond to release the vessel without putting up securities. In the absence of agreement of the parties or order of the court, such bond must be filed in double the amount of libelant's claim. 28 U.S.C.A. § 2464. Admiralty is a unified system; this severe burden

placed on the owner of the vessel is coupled with its right to have the claim heard by a judge, according to the general admiralty law, and not by a jury. It is not the practice, it would be contrary to established admiralty principles, and it would be unfair to vessel owners to allow a vessel to be seized as the result of a libel in admiralty (which may be filed anywhere in the world the vessel can be attached) and held for months or years until the determination of a civil action which the libelant as plaintiff may have instituted in the same or some other court.

 Under the circumstances of this case, Brown is not entitled to maintain in this court both the civil action against Pan Oceanica and the admiralty proceeding in personam against it and in rem against the S.S. Minotaur.

Although there is no authority directly in point, this decision is supported by general principles of admiralty law and by such cases as Medina v. Erickson, 9 Cir., 226 F.2d 475, 483, 484, and Paluchowska v. United States Lines, Inc., D. C.S.D.N.Y., 93 F.Supp. 751. Opinions involving two in personam actions pending in different courts are not in point. Neither are such cases as Asiatic Petroleum Corp. v. Italia Societa, Etc., 3 Cir., 119 F.2d 610, where the property attached in the first proceeding was insufficient to cover the claim.

Since the civil action was filed first, the defendants are not entitled at this time to have the civil action dismissed by this court because of the subsequent filing of the suit in admiralty. However, if Brown elects to proceed in admiralty, I will dismiss the civil action as against Pan Oceanica. Medina v. Erickson, supra. The position of Milmar is not clear, since Brown did not join it as a respondent in the libel, and it did not appear as a claimant of the S.S. Minotaur. Disposition of the case as to it would have to await further clarification.

On the other hand, if Brown elects to proceed in the civil action, Pan Oceanica will be entitled to have the suit in admiralty dismissed and National Surety Corporation discharged from liability under the stipulation for value filed in the admiralty proceeding. Pan Oceanica is not entitled to a refund from Brown of the original premium paid to National Surety Corporation, but should not be subjected to continuing obligations in connection therewith.

I will, therefore, deny defendants' motion to dismiss the civil action at this time, but unless Brown elects, within thirty days from the date of the filing of this opinion, to proceed in the admiralty suit rather than in the civil action, I will, on appropriate motion, dismiss the suit in admiralty and discharge National Surety Corporation from the stipulation for value filed in the admiralty proceeding.