UNITED STATES of America

v.

F/V SYLVESTER F. WHALEN, its engines, tackle, apparel, furniture, equipment, etc., in rem.

No. 218.

United States District Court
D. Maine, S. D.

Feb. 17, 1964.

See also 217 F.Supp. 916.

Alton A. Lessard, U. S. Atty., Portland, Me., Charles D. Ferris, William E. Gwatkin, Admiralty & Shipping Section Dept. of Justice, Washington, D.C., for libellant.

John J. Flaherty, Portland, Me., for intervening petitioner E. D. Pratt, Jr.

Sidney W. Thaxter, Portland, Me., for intervening petitioner E. Flood.

GIGNOUX, District Judge.

This proceeding was instituted on February 4, 1963 by libel of the United States of America to foreclose a preferred ship mortgage upon the F/V Sylvester F. Whalen. 46 U.S.C. § 951. Pursuant to Court order, the United States Marshal has sold the vessel and has paid the proceeds of the sale into the Registry of this Court. Fed.Adm.R. 12. Presently before the Court is the intervening petition of Edward D. Pratt, Jr., in which he asserts a preferred maritime lien upon the vessel pursuant to 46 U.S.C. § 953, and makes claim therefor against the funds realized from the sale. Fed.Adm. R. 34 and 42. Pratt's petition is opposed by libelant and by intervenor Ernest J. Flood, who has asserted maritime liens upon the vessel as assignee of various claims for the furnishing of repairs, supplies, and other necessaries. 46 U.S. C. § 971.

The material facts are these: On December 19, 1958 Edward D. Pratt, Jr. received personal injuries while employed as a member of the crew of the F/V

Sylvester F. Whalen. On or about May 4, 1959 he brought an action at law against Sylvester F. Whalen, Inc., the owner of the vessel, in the Essex County, Massachusetts, Superior Court to recover damages for his injuries. The declaration in the Massachusetts proceeding contained three counts: a claim to recover damages for negligence under the Jones Act, 46 U.S.C. § 688; a claim to recover damages for unseaworthiness under the General Maritime Law; and a claim for cure and maintenance under the General Maritime Law. On October 8, 1962, after a jury trial, Pratt recovered a judgment against Sylvester F. Whalen, Inc. in the amount of $8,721.73. This judgment remains unsatisfied.[1]

Pratt's original petition to intervene in this proceeding sets forth the same three causes of action he asserted in his Massachusetts action. By an amendment to his original petition, he also asserts an alternative claim as a judgment creditor of Sylvester F. Whalen, Inc. by virtue of the Massachusetts judgment. By motion to dismiss, intervenor Flood asks for dismissal of Pratt's original petition because of the doctrines of res judicata, laches, election of remedies, and waiver. He seeks dismissal of Pratt's amended petition on the ground that his judgment claim does not give rise to a maritime lien upon the vessel. By motion for summary judgment, libelant seeks judgment in its favor against Pratt based on substantially the same grounds. Fed.Adm.R. 58.

The motions to dismiss and for summary judgment must be granted, both with respect to the claims Pratt asserts in his original petition and with respect to the alternative claim he asserts in his amended petition:

**■ 1.** *The Jones Act claim.* Pratt concedes that his Jones Act claim is barred by the 3-year limitation provision of the Federal Employers' Liability Act, 45 U.S.C. § 56, as incorporated in the Jones Act. Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813 (1926). Furthermore, it is well settled that a seaman's Jones Act claim does not give rise to a maritime lien, and hence cannot be asserted as the basis for an in rem claim against a vessel. Plamals v. The Pinar Del Rio, 277 U.S. 151, 48 S.Ct. 457, 72 L.Ed. 827 (1928); Gilmore & Black, The Law of Admiralty, § 6–22 (1957).

**■ 2.** *The unseaworthiness claim.* Pratt's claim for compensatory damages arising out of the unseaworthiness of the vessel, as well as his Jones Act claim, is barred by the election provision of the Jones Act,[2] which requires that a seaman elect between an action at law, with the right of trial by jury, and a suit in admiralty. McCarthy v. American Eastern Corp., 175 F.2d 724, 726 (3d Cir.), cert. denied, 338 U.S. 868, 70 S.Ct. 144, 94 L.Ed. 532 (1949); Balado v. Lykes Bros. S.S. Co., 179 F.2d 943, 945 (2d Cir. 1950); Gilmore & Black, op. cit. supra § 6–25. Pratt made that election when he commenced his civil action in the Massachusetts Superior Court in May, 1959, and prosecuted it to final judgment. Murphy v. American Barge Line Co., 93 F.Supp. 653 (W.D.Pa.1950); cf. Yates v. Dann, 223 F.2d 64 (3d Cir.1955); McAfoos v. Canadian Pacific Steamships, Ltd., 243 F.2d 270 (2d Cir.), cert. denied, 355 U.S. 823, 78 S.Ct. 32, 2 L.Ed.2d 39 (1957); Stalker v. Southeastern Oil Delaware, Inc., 103 F.Supp. 436 (D.Del. 1951); Jonassen v. Norwegian American Line, Inc., 105 F.Supp. 510 (S.D.N.Y.

---

1. While the Massachusetts suit was pending, the parties negotiated a settlement in the amount of $3,000, to be paid partially by the defendant and partially by its insurer. As a part of this settlement, Pratt executed a release of all his claims against the defendant and the vessel. When the defendant refused to contribute its share to the settlement, Pratt and the insurer rescinded the release. The insurer then paid Pratt $2,750, in return for which

Pratt executed a covenant not to sue the insurer. Pratt here concedes that this payment of $2,750 must be credited against any amount for which his claim in the present proceeding may be allowed.

2. "Any seaman who shall suffer personal injury in the course of his employment *may, at his election, maintain an action for damages at law, with the right of trial by jury, * * *.*" 46 U.S.C. § 688. (Emphasis supplied.)

1952); Brown v. Pan Oceanica Shipping Corp., Panama, 182 F.Supp. 730 (D.Md. 1960). The following cases cited by Pratt are inapposite here, since none of them involved a Jones Act election. Baun v. The Ethel G, 125 F.Supp. 835, 15 Alaska 283 (1954) (claim for maintenance and cure); The Henry S., 4 F. Supp. 953 (E.D.Va.1933) (claim for engine); The Golden Gate, 52 F.2d 397 (9th Cir.1931), cert. denied, Knutsen v. Associated Oil Co., 284 U.S. 682, 52 S.Ct. 199, 76 L.Ed. 576 (1932) (claim for fuel oil); The Eastern Shore, 24 F.2d 443 (D.Md.1928) (claim for coal); The Grand Republic, 138 F. 615 (E.D.N.Y. 1905), aff'd mem., 144 F. 1022 (2d Cir. 1906) (claim for repairs); The Cerro Gordo, 54 F. 391 (D.Conn.1893) (claim for wages); The Bros. Apap, 34 F. 352 (E.D.N.Y.1888) (claim for supplies).

■■ 3. *The cure and maintenance claim.* Having in his Massachusetts action joined his claim for cure and maintenance with his claim for compensatory damages based upon negligence and unseaworthiness, and having recovered a judgment awarding damages for both claims, Pratt may not now assert the cure and maintenance claim again in this admiralty proceeding. "(W)hen an injured seaman recovers full damages in an action for indemnity based upon unseaworthiness and negligence in which he has claimed loss of wages including the value of the board and lodging which form part thereof and medical expenses, if any, he has thereby recovered the maintenance and cure to which he is entitled up to the time of trial, at least." McCarthy v. American Eastern Corp., 175 F.2d 727, 729 (3d Cir.1949), cert. denied, 338 U.S. 911, 70 S.Ct. 349, 94 L.Ed. 561 (1950) (footnote omitted); Muise v. Abbott, 160 F.2d 590 (1st Cir. 1947); Bartholomew v. Universe Tankships, Inc., 279 F.2d 911 (2d Cir.1960);

Smith v. Lykes Bros.-Ripley S. S. Co., 105 F.2d 604 (5th Cir.), cert. denied, 308 U.S. 604, 60 S.Ct. 141, 84 L.Ed. 505 (1939). This results from the principle that "in the admiralty as elsewhere in the law a litigant may not recover compensation for a single claim more than once." McCarthy v. American Eastern Corp., supra, 175 F.2d p. 729 (footnote omitted).

■ 4. *The judgment claim.* Pratt is not entitled to intervene in this proceeding on the basis of his alternative claim as a judgment creditor of Sylvester F. Whalen, Inc. It is axiomatic that Pratt would be entitled to assert his judgment claim in this proceeding only if that claim gave rise to a maritime lien upon the vessel. Plamals v. The Pinar Del Rio, supra; The Rock Island Bridge, 73 U.S. (6 Wall.) 213, 215, 18 L.Ed. 753 (1867); Gilmore & Black, op. cit. supra § 9–19. As holder of the Massachusetts judgment, Pratt is merely a general creditor of Sylvester F. Whalen, Inc. See Restatement, Judgments § 47, comments a, e (1942). Pratt's in personam judgment against the owner created no in rem right against the vessel and did not give rise to a maritime lien. The Willamette Valley, 76 F. 838, 845 (N.D.Cal. 1896); Stapp v. The Swallow, 22 Fed. Cas. p. 1082, No. 13,305 (S.D.Ohio 1858); Gilmore & Black, op. cit. supra § 9–19; cf. Baun v. The Ethel G, supra, 125 F. Supp. p. 836.[3]

In view of the foregoing, it is unnecessary for the Court to consider the various alternative grounds advanced by libelant and by intervenor Flood as barring Pratt's intervention in this proceeding, or to consider Flood's alternative motion to strike allegations from Pratt's petition.

Libelant's motion for summary judgment with respect to the intervening

---

3. Pratt has here made no contention that he is entitled, by virtue of a judicial lien arising from an attachment or execution levy upon the vessel, to intervene in this proceeding for the purpose of sharing in the distribution of any surplus funds, or "remnants," remaining in the Registry

after all maritime liens have been paid. See Fed.Adm.R. 42; The American (The Imperator), 40 F.2d 942 (D.Mass.1930); The Lottawanna, 88 U.S. (21 Wall.) 558, 22 L.Ed. 654 (1874); Gilmore & Black, op. cit. supra §§ 9–87, 9–88.

petition of Edward D. Pratt, Jr., is granted; the motion of the intervenor Ernest J. Flood to dismiss the intervening petition of Edward D. Pratt, Jr., is granted; and the original and the amended intervening petitions of Edward D. Pratt, Jr., are dismissed.

It is so ordered.